Ann Birkby, Plaintiff in Error, *v.* Lewis Solomons, Administrator with the will annexed of John Birkby, deceased, and Thomas Birkby et al., devisees and heirs of said John Birkby, deceased, Defendants in Error.

### ERROR TO MACOUPIN.

The eighth section of the thirty-third chapter of the Revised Statutes, entitled "Divorces," does not confer upon the courts an unlimited discretion to grant divorces, in all cases where they may deem it expedient or advisable.
The validity of a writ of error does not depend upon the *scire facias.* If the latter is informal or insufficient, an alias may issue to the proper parties, which, when served, gives the court jurisdiction. Jurisdiction will also be acquired by the appearance of the parties.

This suit was heard before Woodson, Judge, at May term, 1849, of the Macoupin Circuit Court.
The opinion gives the facts, and statement of the case.

Weeir and Chesnut, for plaintiff in error.

J. M. Palmer, for defendants in error.

Caton, J.    Ann Birkby filed a bill for a divorce against John Birkby, and before it was brought to a · hearing, the husband filed a cross-bill against the wife, also praying for a divorce. Upon these bills issues were made up and submitted to a jury, who found the issues upon the original bill in favor of the

Birkby *v.* Birkby et al.

defendant therein, and the issues upon the cross-bill in favor of the complainant, whereupon the court decreed a divorce in favor of John Birkby. Since the decree was entered, he has died, and Ann Birkby now prosecutes the writ of error against the heirs of John Birkby, to reverse that decree, for the purpose of restoring to her her rights as the widow of her late husband. We are of opinion that the 'allegations of the cross-bill are not sufficient to authorize a decree for a divorce. The substance of those allegations is, that she had become jealous of him and accused him of improper intercourse with other women, which involved him in difficulties in the neighborhood. That she refused to attend to her household duties, and absented herself from his house, sometimes for days and weeks together; that she threatened to take his life and to burn his buildings, and destroy his property. If termagancy were one of the causes specified in the statute for which a divorce may be granted, there can be little doubt that a clear case is here made out. But it is admitted that this case is not brought within any of the specified causes named in the statute. The causes of complaint are of the same character of some of those specified in the statute, but less in degree than the legislature has seen fit to prescribe. Here is desertion charged but not of sufficient length of time to authorize a divorce for that cause. And here is misconduct charged, partaking at least of the character of cruelty, but the bill does not state facts showing that she " has been guilty of extreme and repeated cruelty or habitual drunkenness for the space of two years," which the statute requires to authorize a divorce for that kind of misconduct. But it is insisted that the decree was justified by the eighth section of the thirty-third chapter R. S. entitled " Divorces," which is as follows : " In addition to the causes hereinbefore provided, for divorces from the bonds of matrimony, courts of chancery in this State shall have full power and authority to hear and determine all causes for a divorce not provided for by any law of this state." On the one side it is contended that this gives the courts an unlimited discretion to grant divorces for any cause which, in their judgment, they may deem sufficient to render it advisable, that the parties should be separated; while on the other, it is contended that " all causes for a divorce " only embrace those causes which are not enumerated in the statute, and which, at the common or canon law, were held sufficient causes for a divorce, as the consanguinity of the parties, or in cases where the marriage was prohibited by law. Without adopting or rejecting this last rule of construction as contended for, we have no hesitation in saying that the law does not confer upon

Birkby *v.* Birkby et al.

the courts an unlimited discretion to grant divorces in all cases, where they may deem it expedient or advisable. Where the offence charged is of a character which is provided for in the statute as a specific cause for a divorce, the degree of the offence must be measured by the statute, and where it does not come up to that standard, the courts have no right to say that an offence of the same character, but less in degree, shall be sufficient to dissolve the marriage contract. Where the legislature has prescribed one measure of guilt as necessary, the courts cannot say that a less shall be sufficient. Here has been unkind treatment no doubt, but not to that extent prescribed by the statute, and we think the statements of the bill, and the verdict of the jury, did not authorize the decree.

An objection was raised, that the *scire facias* was not issued to the proper parties, and that therefore the writ of error should be dismissed. The fact is as stated, but the conclusion drawn does not follow. The validity of the writ of error does not depend upon the *scire facias.* The writ of error is directed to the clerk of the court below, to send up the record that it may be inspected by this court; and where the record is brought up by the party and filed, properly certified, in the first instance, the writ of error is unnecessary, or at most is but matter of form. The filing of the record gives the court jurisdiction of the subject-matter, and the *scire facias* is to the parties to appear and answer the assignment of errors; and if that is informal or insufficient, an *alias* may be issued to the proper parties, which, when served, gives the court jurisdiction of the persons also, or such jurisdiction may be acquired by the voluntary appearance of the parties without service. Had the objection been urged at the proper time, and insisted upon, an *alias scire facias* would have been issued, but they have appeared and answered to the merits of the writ, and it becomes our duty to decide the suit upon the merits.

The decree of the circuit court must be reversed.

*Decree reversed.*