MARY NAPPER and others, Plaintiffs in Error, *v.* WILLIAM H. SHORT, Executor, &c., Defendant in Error.

### ERROR TO JEFFERSON.

Records from the Circuit Courts should be legibly written and the proceedings be stated in proper consecutive order.

Circuit clerks assuming to discharge the duties of that office without proper qualifications, will be held to the same accountability as if they were qualified, but knowingly neglected their duties.

Heirs, who are made parties to a proceeding for the sale of the land of their ancestor, although personal service of notice of the proceeding is not required to be made upon them, may sue out a writ of error to review such proceeding; but they must sue out the writ in their own names, or by their guardians or next friends, if they are still minors.

The attorney should state in his precipe for a writ of error, the names in full of all the parties to the controversy, and their position in the record.

Pleadings in the Supreme, as in other courts, should be properly entitled in the cause.

THIS case was brought to the Supreme Court by writ of error. At the present term, the defendant in error pleaded that more than five years had elapsed between the rendition of the decree complained of and the suing out of this writ of error, and that the right of the plaintiffs in error to maintain their writ did not accrue within five years next before the issuing thereof. To this plea the plaintiff in error replied: first, that Mary Herdman, alias Mary Kirby, wife of William Herdman, Sarah Kirby and Eliza Jane Kirby, were minors under the age of twenty-one years, and still are minors; second, that Sarah Kirby and Eliza Kirby, in their own proper persons come and say, that at the time of the rendition of the decree in the Circuit Court, and at the time of the issuance of the writ of error, they were and still are minors; third, that Mary Herdman, formerly Mary Kirby, was, at the time of the rendition of the decree in the Circuit Court, and the issuing of the writ, a *feme covert;* and fourth, that said Mary Kirby intermarried with William Herdman, was, at the time of the rendition of the judgment in the Circuit Court and at the issuing of the writ of error, a minor, &c. None of these replications were entitled as of any cause, or any term, or of any court. To these several replications a demurrer was filed. The writ of error was issued at the instance of parties described in it, " Mary Napper and others," and in a judgment between " William H. Short, executor of Lydia Kirby," and the said Mary Napper and others, without any other description of parties.

NELSON and JOHNSON, for Plaintiffs in Error.

D. BAUGH and R. WINGATE, for Defendant in Error.

CATON, J.  In order to determine these demurrers, we have had to look through the record and the whole proceeding, and we are constrained to say that they exhibit a looseness and irregularity of practice, which is exceedingly dangerous to the rights of parties, and which cannot be tolerated in this court.  In the first place, the record from the Circuit Court is so made up that it is tedious and difficult to understand what it really does contain.  Records, to be sent here, should be written in a fair and legible hand, and the record of the case should be inserted in proper and consecutive order.  There has been much and just complaint at the bar, during this term, of the imperfect, slovenly and improper manner in which records have been sent up here, and it will be the duty of this court to take the necessary measures to remedy the evil complained of.  If clerks will undertake to discharge the duties of an office for which they are not qualified, they must be held to the same accountability as if they were qualified, but knowingly neglected their duties.

The next step in the case is equally defective, and that is the writ of error.  The record, so far as we can understand it, was a proceeding by an executor, to sell real estate left by a testator, and was a proceeding *in rem.*, in which the actual parties in interest, that is, the heirs of the testator, were not, and were not by the statute required to be, served personally.  The summons below was to Mary Napper and Jonathan Ogden, for Mary, Sarah, and Elizabeth Jane Kirby, and was only served on Ogden. A decree was entered for the sale of the estate.  It was competent for the heirs to sue out a writ of error to reverse that decree, because the statute has made it binding upon them, although the notice is only served on their guardian.  If the heirs wish to reverse the decree, they must bring a writ of error in their own names, and if they are still infants, they must do that by their next friend or guardian, the same as they would commence any other action.  Particularly in a case of this kind, where the record does not disclose who the real plaintiffs in error are, the party or attorney, prosecuting the writ, should file a precipe with the clerk of this court, describing, by a full statement of the names of each of the parties to the judgment sought to be reversed, and in whose favor the judgment was rendered, and then directing the clerk of this court to issue the writ in favor of the plaintiffs in error; giving each of their names in full, and against the defendants in error, giving the name of each in full; and, indeed, such would be the proper practice in all cases.  Then the clerk could issue his writ without danger of mistake, and insert the names of all the parties, in full, in the writ and in all subsequent orders in the case, which is indispensable to the regularity of the proceedings, in this or any other

Napper et al. *v.* Short.

court. Then, too, the attorney, who ought to do so, would take the responsibility of the regularity of the proceeding.

Now let us see what is the condition of this record, and apply it to the demurrers now under consideration. This writ of error was sued out in the name of " Mary Napper and others." To this writ of error the defendant filed simply a plea, that more than five years had elapsed since the rendition of the decree, when the writ issued. To this plea we find filed, first, a replication entitled " Mary Napper and al. v. William A. Sharp," and averring that, at the time the decree was rendered, and until the suing out of the writ of error, " The said Mary Herdman, alias Mary Kirby, wife of the said William Herdman, Sarah Kirby and Eliza Jane Kirby were minors," &c., and signed by the attorney. We then find upon another piece of paper, and without being entitled in any cause, what is designed for another replication by "the said plaintiffs, Sarah Kirby and Eliza J. Kirby, in their own proper persons," and averring their infancy as in the former replication. Then follows another replication, without any title, by " the said plaintiffs, Mary Herdman and William Herdman," averring the coverture of Mary Herdman, formerly Mary Kirby. On the same piece of paper, and still without a title, is another replication by " the said *defendant*, Mary Herdman, formerly Kirby, and William Herdman, her husband," averring the minority of Mary Herdman, at the time of the rendition of the decree and the suing out of the writ. I may here remark that these pleadings are too much interlined and too illegible to pass unnoticed, and that it is expected by this court that papers for its files should be at least plainly written, and not interlined or blotted to any considerable extent.

The statement of the record, which has been given, shows that the replications filed have no application, whatever, to the cause in this court. They are by persons in no way parties to this writ of error, and for that reason, even, the demurrer was not properly filed to them, but they must be stricken from the files as totally inapplicable to the case.