I again refer to my opinion in the case of *The People* v. *The Mayor &c. of New York*, on this point. (*See opinion,* 17 *How. Pr. Rep. pp.* 63, 64.)

Order reversed, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Sutherland* and *Barnard*, Justices,]

---

## BUCKNAM and HUME *vs.* BRETT and others.

The several part-owners of a vessel are tenants in common; and, like tenants in common of other property, they must join, in an action at law, to recover damages for the conversion of it. And in case of the death of any part-owner, after action brought, the right of action survives to the others, and they may continue the suit without joining the executor of the deceased, as a plaintiff.

This rule of the common law has not been abrogated or altered by the modern legislation in this state.

THIS was an action brought by three individuals, as part-owners of a vessel, to recover damages for its conversion. Before an answer was put in, one of the plaintiffs died. His death was suggested on the record, and the defendants put in an answer, in which they set up the nonjoinder of the personal representatives of the deceased as a defense. On the trial they moved to dismiss the complaint, for the same reason. The motion was denied, and the plaintiffs recovered a judgment; from which the defendant appealed to the general term.

*C. A. Nichols*, for the appellant.

*J. T. Williams*, for the respondents.

Bucknam *v.* Brett.

*By the Court,* CLERKE, P. J. In actions *ex contractu,* where one or more of several parties having a joint legal interest dies, whether they are or are not, in the commercial sense of the term, copartners, the action can only be maintained in the names of the survivors. So, in actions *ex delicto,* for injuries to personal property, joint tenants and tenants in common must join ; and where one of several parties, interested as such, dies, the action must also be in the name of the survivor or survivors alone ; and the executor or administrator of the deceased cannot be joined. Nor can he sue separately. (1 *Chit. Plead.* 77.) This is the well known and well established rule of the common law practice and pleading.

The several part-owners of a vessel are tenants in common. Like tenants in common of other property, they must join, in an action at law, for the recovery of damages caused by an injury to it ; and in case of the death of any part-owner after the injury is sustained, the right of action survives to the surviving part-owners, who must afterwards pay to the personal representatives of the deceased the value of his share. (*Ab. on Ship., Am. ed.* 1846, *p.* 146.)

These rules were founded on utility. They were designed to avoid the inconvenience resulting from uniting persons who sue in their own right with those who sue in a representative capacity. It would be difficult, in case of a recovery against the plaintiffs, to enter a judgment upon the verdict ; the representatives not being liable for costs in the same manner in which the other plaintiffs are liable. The executor of a deceased person cannot be jointly sued with the survivor ; because, if for no other reason, the executor is to be charged *de bonis testatoris,* and the survivor *de bonis propriis,* and the judgment could not be so rendered. So, when several persons are jointly interested in the property injured, and one of them is dead, the action must be maintained in the name of the survivor ; and the executor or administrator of the deceased cannot be joined ; nor can he sue separately.

Have these rules of the common law been abrogated or altered by the modern legislation in this state? The counsel for the appellant claims that they have been; because the statute (3 *R. S.* 202, *5th ed.*) varying the rule of the common law, in case of injury to real or personal estate, makes a cause of action survive, and gives to the personal representatives of the deceased owner the right of action. But this amendment was evidently made, not to enable the representatives of deceased joint owners of property to be united with the survivors, but to prevent the total failure of a remedy, where the sole owner of property died before he obtained redress for any injury to it. This would be repealing a law, by something worse, even, than implication. There is nothing to imply, even remotely, any such intent on the part of the legislature. The counsel refers us, also, to § 111 of the code, which says that every action must be prosecuted in the name of the real party in interest. He may, for the same purpose, with equal, if not more, propriety, refer us to § 119; which says, "of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants." But it is plain to me that these sections were not intended to contravene the rules of the common law, to which I have referred. In order to have this effect, it would require something more positive and direct than the language conveys. If applicable at all, it is applicable to property held in copartnership, as well as to any other kind of joint ownership; and, certainly, I have never heard, or read, that any one has ever insisted that it was necessary to join the names of the executors or administrators of a deceased member of a mercantile firm with those of the surviving members, in an ordinary common law action, for a debt due to the firm, or for an injury to its property.

The judge was therefore substantially right in his ruling on this subject; although he seemed to confine the principle upon which I have commented to a copartnership. This, doubtless, was a mere verbal inadvertence.

Washburn *v.* Franklin.

With regard to the offer, on behalf of the defendants, to prove that Sumner Bucknam and Ezra Bucknam were indebted to the defendants at the time of issuing the attachment, and then to claim that they were therein described as John Doe and Richard Roe, &c., such evidence, if admissible at all, was not admissible under the pleadings, and the judge properly rejected it.

The judgment should be affirmed with costs.

Judgment affirmed.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Sutherland* and *Leonard*, Justices.]