Phelps *v.* Baker.

[KINGS GENERAL TERM, December 13, 1869. *J. F. Barnard, Gilbert* and *Tappen,* Justices.]

---

## SARAH PHELPS *vs.* MARCUS BAKER.

A decree of divorce, granted by a court in Ohio, where neither of the parties, in fact, resided at the time, without any appearance by the defendant, or notice to him, except the publication of a notice to appear, in a newspaper, is not valid and binding here, so as to annul a marriage solemnized in this State. (Following the decision of the Court of Appeals, in *Kerr* v. *Kerr,* 41 *N. Y.* 272.)

If such a decree contains a direction for the payment of alimony, it is void in this State, as to the alimony, whatever its effect may be upon the marriage; and will furnish no foundation for an action here to recover the alimony awarded by it.

A judgment rendered by a court that has not obtained jurisdiction of the subject matter to which it relates, and of the persons to be bound thereby, is utterly void.

If there is any exception to the rule, it is to be found in cases in which the proceedings are *in rem,* and where, from the necessity of the case, it is exceedingly difficult, if not impossible, to discover the parties owning or interested in, the property, and when delay for the purpose of bringing them into court, would result in the destruction of the property, or in a total failure of justice.

It has been repeatedly held that when a suit is commenced by the attachment of property, the judgment recovered therein is valid, so far as the title to the property attached is concerned, but inoperative for any other purpose, as to the defendant who has not appeared, or been personally served with process. *Per* MULLIN, P. J.

Service by publication is valid within the jurisdiction by whose laws it is authorized, but of no validity beyond it.

This court has power to set aside a judgment, on motion, where it clearly appears that the plaintiff had no legal cause of action.

The provision of the constitution of the United States which declares that full faith and credit shall be given, in each State, to the public acts, records and

Phelps *v.* Baker.

judicial proceedings of every other State (*art.* 4 § 1) applies only to judgments of the courts of any of the United States, where both parties are within its jurisdiction when the suit was commenced, and where the defendant was served with process, and had, or might have had, a fair trial of the cause.

Posting citations in public places within the jurisdiction of the court in which proceedings are instituted, cannot confer any legitimate jurisdiction over defendants who are non-residents, and do not appear to answer, whether they have notice of the suit or not. The effects of such proceedings are purely local, and elsewhere they will be held to be mere nullities.

APPEAL by the defendant from an order made at a special term, setting aside a judgment recovered in an action brought by a wife to recover the alimony awarded to her by a decree for divorce obtained against the husband, in the State of Ohio. The facts appear in the opinion.

*By the Court,* MULLIN, P. J. In June 1847, the plaintiff, whose maiden name was Sarah Demming, intermarried with the defendant, in Monroe county in this State. They cohabited together until some time in the year 1853, when the defendant went to the island of Australia, to better his fortune, leaving his wife with his parents in this State. In 1857 the plaintiff left the county of Monroe and went to live in Ohio. In 1858 she presented a petition to the county court of Cuyahoga, in said State, setting forth, among other things, her marriage with the defendant, his desertion of her, and the commission of adultery by him in this State, in 1852, and praying a divorce and alimony. A notice of the presentation of such petition, and that the defendant was required to appear and answer thereto at the then next term of said court, was published in a newspaper printed in said county, for six successive weeks. Such publication was, by the laws of Ohio, equivalent to service on the defendant.

The defendant did not appear—was never a resident in Ohio—never saw or heard of said notice, nor did he hear

Phelps *v.* Baker.

of said action until in 1868, when he was informed by his friends that the plaintiff had obtained a decree of divorce. Such proceedings were had in said action that a decree of divorce was granted, whereby the said marriage was dissolved, and $1000 allowed to the plaintiff for alimony, and the sum of $14.88 for the costs of the action. In January 1868, the plaintiff commenced an action in this court upon the aforesaid judgment, to recover the alimony awarded to her. On an affidavit of the defendant's non-residence, an order for the publication of the summons, and an attachment against the defendant's property, was obtained. Proof was subsequently made of the publication of the summons, and an application made to the court, at a special term, for judgment for the said alimony and interest thereon. A duly authenticated copy of the judgment of the Cuyahoga county court was presented to this court, and the same was received as sufficient evidence of the liability of the defendant to pay the said sum of $1000 and interest, and judgment was entered in favor of the plaintiff and against the defendant for said alimony and interest thereon. The plaintiff caused the interest of the defendant in certain real estate in Monroe county to be levied on, by virtue of the attatchment obtained by her, and after the recovery of the judgment in this court such interest of the defendant in said real estate was sold by virtue of an execution issued to enforce said judgment, and the sum of $400 was obtained therefor. Upon affidavits and papers establishing the foregoing facts, the defendant moved at special term to set aside said judgment, because the Ohio judgment was utterly void, and could not be the basis of a recovery in an action, and because of sundry jurisdictional defects and irregularities in the proceedings in the action in this court. The motion was granted, and from that order the plaintiff appeals to this court. It should be stated that after obtaining

the divorce, the plaintiff married one Phelps, with whom she now lives, as his wife.

It is not necessary to a decision of this appeal, that we should inquire whether, on the facts appearing before us, the county court of Cuyahoga county, in the State of Ohio, could annul a marriage solemnized in this State, so as to make its judgment valid and binding in this State. The Court of Appeals has settled that question, if it could be said to be an open one in this State, in *Kerr* v. *Kerr,* (41 *N. Y.* 272,) by holding that such divorces are utterly void. The question now to be considered is, whether a judgment in favor of the plaintiff for alimony is valid for any purpose against the defendant who has never resided in the State of Ohio, nor appeared in the action, nor been served with process, except by publication in a newspaper, which notice never came to his knowledge until after the rendition of the judgment and the sale of his property by virtue thereof. No principle of law is better settled than that a judgment rendered without the court that renders it having obtained jurisdiction of the subject matter to which it relates, and of the persons to be bound thereby, is utterly void. If there is any exception to the rule, it is to be found in cases in which the proceedings are *in rem,* and where, from the necessity of the case, it is exceedingly difficult, if not impossible to discover the parties owning or interested in the property, and when delay for the purpose of bringing them into court would result in the destruction of the property or a total failure of justice. It is found to be necessary for governments to provide for the institution of actions against non-resident citizens, against non-resident foreigners, by a citation *vieo et modis,* as it is called, or by an attachment of their property nominal or real within their own territorial sovereignty, and to proceed to judgment against the party defendant, whether he has any actual notice of the suit or not, or whether he ever appears in the suit or not. There is, however, no pretense

Phelps *v.* Baker.

to say, posting citations in public places within the jurisdiction of the court in which such proceedings are instituted, can confer any legitimate jurisdiction over foreigners who are non-residents, and do not appear to answer the suit, whether they have notice of the suit or not. The effects of such proceedings are purely local, and elsewhere they will be held to be mere nullities. (*Story on Conflict of Laws,* § 546.)

As early as 1808 it was held in the king's bench in *Buchanan* v. *Rucker,* (9 *East,* 192,) that an action would not lie, in England, on a judgment recovered in the island of Tobago, against the defendant, a resident of London, where the service was in conformity with the laws of the island, by nailing a copy of the declaration at the court house door. The judgment was held to be a mere nullity. It has been repeatedly held that where the suit is commenced by the attachment of property, the judgment recovered therein is valid, so far as the title to the property attached is concerned, but utterly inoperative for any other purpose as to the defendant, who has not appeared or been personally served with process. Service by publication is valid within the jurisdiction by whose laws it is authorized, but of no validity beyond it. This very point was decided in *Borden* v. *Fitch,* (15 *John.* 121.) The action was for seducing the plaintiff's servant. The defense was, that the person seduced was the defendant's wife. The defendant's marriage to one Sellick was proved, and a judgment in Vermont, annulling that marriage. But no proof of actual notice to the wife. That judgment was held to be void, and the divorce inoperative. The same conclusion was arrived at in the case of *Vischer* v. *Vischer,* (12 *Barb.* 640.) The action for the divorce was commenced in Michigan, by publication. (*Bradshaw* v. *Heath,* 13 *Wend.* 407.) It is, however, unnecessary to multiply authorities on a proposition that is now elementary in the law.

The judgment of the county court is void in this State, as to the alimony, whatever its effect may be upon the marriage.

I have no doubt of the power of the court to set aside the judgment upon motion, where it clearly appears that the plaintiff had no legal cause of action. (*Titus* v. *Relyea,* 16 *How.* 373.)

It was insisted by the counsel for the appellant, that the judgment dissolving the marriage, and granting alimony, must be held to be valid under the provision of the constitution of the United States which declares that full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State, (*Const. art.* 4, § 1,) although such jurisdiction may not have been obtained as would be required to give validity to the judgment of the courts of a foreign country.

The courts of Massachusetts and Connecticut have held that this provision of the constitution applies only to judgments of the courts of any of the United States where both parties are within its jurisdiction when the suit was commenced, where the defendant was served with process, and had, or might have had, a fair trial of the cause. This construction of the constitution was approved in *Bradshaw* v. *Heath,* (13 *Wend.* 407,) and in other cases. Any other construction would lead to the greatest injustice; and we are not, at this late day, prepared to adopt a new and mischievous construction, if it should be more in accordance with the letter of the constitution.

The proceedings in this action are irregular, and would justify us in setting them aside; but, for the invalidity of the judgment according the plaintiff alimony, the whole proceedings must be annulled.

The order of the special term reversed, and the following order is directed to be entered: The defendant is permitted to come in and defend; the judgment and proceedings thereunder to stand; but all proceedings thereon

stayed until the further order of this court. The answer of the defendant to be served in twenty days after service of a copy of this order. The costs of the appeal $10, and of the motion, to abide the event.

Johnson, J., concurred in the result.

Judgment accordingly.

[Fourth Department, General Term, at Rochester, March 6, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]