## ISRAEL *v.* ARTHUR, Admr., *et al.*

*(Supreme Court of Colorado, December Term, 1881—Error to the County Court of Larimer County.)*

1. Practice—Writ of Error in Divorce Suit—Death of One of the Parties. Under the constitution of Colorado writs of error lie from the Supreme Court to every final judgment of County Courts. Decrees granting divorce are not excepted. The writ may be prosecuted after the death of one of the parties to the decree, as other interests are involved affecting property rights.

2. Same—Parties to Such Writ. In such case the heirs at law of the deceased, and all other parties interested in the deceased's estate, should be made parties.

3. Same—Summoning Parties. Rule of practice laid down for ascertaining and summoning proper and necessary parties, as defendants in error, when the record fails to disclose the names of such persons.

Beck, J. This is a motion to dismiss the writ of error.

The points mainly relied upon in support of the motion are, the want of proper parties as defendants in error, and that a writ of error does not lie in a case of this nature.

This writ was sued out by the plaintiff in error to reverse a decree of divorce obtained against her at the June term, 1877, of the County Court of Larimer county, by her former husband, John Arthur, since deceased.

The writ of error describes the plaintiff in error as Abbie A. Arthur, now Abbie A. Israel, and the *scire facias* commands the officer charged with the execution of the writ to summon James B. Arthur, administrator of the estate of said John Arthur, deceased, as defendant in error.

The second objection urged is jurisdictional. Counsel say, that, inasmuch as the decree of the Court below concerned only the marriage relations of the parties thereto, there is no one now, since the decease of the plaintiff below, who can represent him in this relation. That if the decree were to be adjudged erroneous, the lower Court would be without jurisdiction to retry the cause, for the reason, that the bonds of matrimony have been dissolved by death, and the marriage relation no longer exists between the parties.

If a decree of divorce affected the marriage relation only, there would be great force in the argument; but when it is considered that the decree in this case, as in other cases, affects the

property rights of the parties, as well as their marital rights, it would seem that the same reasons exist for determining its validity as in civil cases generally, notwithstanding the death of one of the parties, and regardless of the fact that the primary relief sought by the bill and afforded by the decree has been confirmed by death, whose decree is irrevocable.

An examination of the authorities cited on the argument do not appear to support this position of counsel for defendant in error. The authorities agree that the decree may be reviewed, differing only as to the mode of review.

In the case of *Watson* v. *Watson*, 47 How. Pr., 240, it was attempted by motion in the Court below, with notice to the administrator only, to set aside a decree of divorce after the death of the plaintiff who obtained it, on the ground of fraud and irregularity. An appeal was taken from the order denying the motion to the Supreme Court. That Court held that relief could not be obtained on motion to set aside the decree, and suggested a bill of review, bringing in the heirs at law and others interested in decedent's real estate, as well as his representatives.

The decree in that case was entered in 1863; the plaintiff died in 1872, and the motion to set aside the decree was filed some time prior to March, 1874, but the date is not given.

The writ of error in New York having been abolished in civil cases by the Code, it is not apparent that any other remedy than that suggested by the Court existed in such case.

The Supreme Court of Michigan held, in *Shafer* v. *Shafer*, 30 Michigan, 163, that an appeal lay from a decree of divorce after the death of the plaintiff, the appeal having been taken within the time allowed for appeals in chancery cases. Notices were served in that case on the solicitor of record for the complainant in the Court below, and on the administrator. The Court held, that before the appeal could be brought to a hearing, the proper steps must be taken to bring in, *as parties*, the representatives of the deceased complainant and his heirs at law.

The case of *Wren* v. *Moss et al.*, 2 Gil., 72, is similar to the case at bar, except that the executor and all other persons interested in the estate were made parties.

The husband obtained a decree of divorce and died. The widow then brought the case before the Supreme Court for re-

view, upon a writ of error. It was objected that a writ of error did not lie in such a case, for the following reasons: Because, by death of one of the parties, the suit abates as to the subject matter; if reversed, it cannot be re-tried; also, that error does not lie against those interested only in the consequences, but not in the subject matter, of a suit.

It was held that the decree could be reviewed upon the writ of error, or, in a proper case, upon appeal; but that to authorize the latter proceeding, the title to realty must be involved, or the decree be for the sum of $20, besides costs.

The jurisdiction, in this class of cases, is supported both upon principle and authority. It is likewise provided by Art. VI, Sec. 23, of our constitution, that "writs of error shall lie from the Supreme Court to every final judgment of the County Court."

Respecting the objection that proper parties have not been brought in, we think the objection well taken. The plaintiff in error has caused only the administrator of her deceased husband's estate to be summoned as defendant in error. While, by all the authorities, he is a proper party, it is clear that the heirs at law are not only proper but necessary parties.

No showing has been made here, on either side, that no heirs at law exist, or that such persons, or others interested in the estate or judgment, do exist.

We are of opinion that the proper practice in all cases where the record does not disclose the names of persons who should be made parties to the proceedings in error, is for the plaintiff in error, by himself or attorney, to file with the clerk of this Court an affidavit setting forth the names of all persons, so far as known, whose interests would be affected by the proceedings, or who are necessary parties thereto. In addition to this, a *præcipe* should be filed, directing the clerk to issue a *scire facias* to hear errors, to the persons therein named as defendants in error. This practice would place the responsibility for the regularity of the proceedings where it properly belongs, upon the plaintiff in error. If objection should afterwards be raised that proper parties were not made, the names of the persons omitted, or improperly joined, together with the necessary facts to enable the Court to pass upon the point, would have to appear in a like authentic manner.

41

A similar practice was adopted in *Wren* v. *Moss et al., supra,* which was approved by the Court. Suggestions of similar import were made by Judge Caton, in *Napper et al.* v. *Short,* 17 Ills., 119.

But, while the objection as to want of parties must be sustained in the present condition of the proceedings, it is no ground for dismissing the writ of error.

It is the *scire facias* which is at fault or insufficient. This may be remedied by the issue of an *alias* when it is ascertained who are proper parties defendants. *Birky* v. *Birky et al.,* 15 Ills., 120.

The motion to dismiss the writ of error will be denied, and leave will be given the plaintiff in error to comply with the practice herein recommended in respect to bringing to the knowledge of the Court the names of all persons who should be joined as defendants in error, when an *alias scire facias* may be ordered to bring them into Court.

*Haynes, Dunning & Haynes,* for plaintiffs in error.
*Barnum & Graham,* for defendants in error.