### HILDRETH v. SEEBACK.

(City Court of New York, General Term. October 30, 1896.)

SUPPLEMENTARY PROCEEDINGS—JURISDICTION—SERVICE OF SUMMONS.

The provision that supplementary proceedings can be had only where the judgment was rendered on appearance by, or personal service on, a defendant (Code Civ. Proc. § 2458), is jurisdictional; and a defendant who submitted to an examination in such a proceeding was not thereby pre-

cluded from afterwards having the order in the proceeding set aside for want of jurisdiction where there was a substituted service, and no appearance, in the original case.

Appeal from trial term.

Proceeding by Henry P. Hildreth against Henry Seeback to examine the defendant, a judgment debtor, after return of execution. From an order denying a motion to dismiss the proceeding, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

J. B. Marshall, for appellant.

G. R. Hamburger, for respondent.

SCHUCHMAN, J.    This is an appeal from an order denying the motion of the above-named defendant and judgment debtor to dismiss proceedings supplementary to execution.    The judgment debtor was served with an order in supplementary proceedings, dated May 16, 1896, returnable May 20, 1896.    On that day he appeared, was sworn, and the examination started, and the same adjourned to May 23, 1896, when he failed to appear.    Subsequently the judgment debtor made a motion why the said order of May 16, 1896, should not be vacated and set aside on the ground that the court had no jurisdiction of the subject-matter, and that the order was void for want of jurisdiction.    Said motion was the defendant's proper remedy.    See section 2433, subd. 1, of the Code.    The judgment on which the supplementary proceedings were based was rendered in 1887.    The motion papers show that the defendant was served by substituted service of the summons, and that he did not make an appearance in said action in which judgment was entered.    Substituted service is, by the Code, made equivalent to service by publication, but not to personal service.    Clare v. Lockard, 21 Abb. N. C. 173.    Section 2458 of the Code of Civil Procedure states that, in order to entitle a judgment creditor to maintain supplementary proceedings, the judgment must have been rendered upon the judgment debtor's appearance or personal service of the summons upon him.    These requirements are jurisdictional, and relate to the subject-matter of the jurisdiction. Those requirements not existing in this case, the order was a nullity. Jurisdiction could not be conferred upon the court, even by consent, and not by defendant appearing and submitting to examination, because the rule of law is well established that an order or judgment is wholly void for want of jurisdiction if the judge or court has no jurisdiction of the subject-matter of the proceedings on which an order is made.    In such cases even consent cannot give jurisdiction. Viburt v. Frost, 43 Abb. Prac. 119; Dudley v. Mayhew, 3 N. Y. 12; Phelps v. Baker, 41 How. Prac. 237.

Order appealed from reversed, with costs, and motion to dismiss supplementary proceedings granted, without costs, there having been no costs given in the order appealed from.    All concur.