SEMON et al. v. DAGGETT.

(Supreme Court, Trial Term, Broome County. December 16, 1908.)

1. PARTIES (§ 60*)—SUBSTITUTION OF REPRESENTATIVE AS PARTY PLAINTIFF—LIMITATIONS.

Three tenants in common obtained a judgment for rent, and two of them afterwards sued on the judgment with a coplaintiff who was named as administratrix of the third, who had died intestate. No administrator had in fact been appointed, but the error was not discovered till the case was being prepared for trial and the statute of limitations had apparently run against the cause of action on the judgment. Held, that the limitation as to the substitution of the representative as a party plaintiff was not relieved by Code Civ. Proc. § 402, providing that if a person entitled to sue dies before the expiration of the time limited for commencing action, and the cause of action survives, action may be commenced by his representative thereafter, and within one year after his death.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 96; Dec. Dig. § 60.*]

2. DESCENT AND DISTRIBUTION (§ 76*) — TITLE OF NEXT OF KIN — PERSONAL PROPERTY.

Two of three tenants in common who obtained a judgment for rent survived the third, who died intestate and apparently without any subsisting creditors. There was no administration, and the survivors were his only heirs at law and next of kin. After his death the judgment debtor promised one of the survivors to pay the judgment. Held, that the survivors were entitled to sue on the judgment.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 252, 253, 255; Dec. Dig. § 76;* Executors and Administrators, Cent. Dig. § 10.]

3. PARTIES (§ 80*)—DEFECT OF PARTIES PLAINTIFF—WAIVER OF OBJECTION.

A defect of parties plaintiff is waived by failure to object by demurrer or answer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131; Dec. Dig. § 80.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date & Rep'r Indexes

4. EXECUTORS AND ADMINISTRATORS (§ 439*) — ACTIONS—PARTIES—JOINDER IN
   ACTIONS BY OTHERS.
   Surviving judgment creditors are the only proper parties plaintiff in an
   action on a judgment, and the representative of the deceased judgment
   creditor should not be joined.
   [Ed. Note.—For other cases, see Executors and Administrators, Dec.
   Dig. § 439;* Parties, Cent. Dig. § 25.]

Action by James L. Semon and others against Ezra Daggett. Judgment in favor of plaintiffs James L. Semon and another.

Washburn & Sickels, for plaintiffs.
Stilwell & Decker, for defendant.

LYON, J. The alleged cause of action is upon a judgment of upwards of $1,500, recovered by James L. Semon, Emma L. Crane, and Charles Semon against the defendant in the City Court of New York, and docketed in the office of the clerk of that court in June, 1888, and at once docketed in the clerk's office of New York county, for rent of premises of which the three judgment creditors were owners as tenants in common. Charles Semon died intestate in the year 1898. No administrator of his estate has been appointed, and the naming of Hannah E. Semon as such administratrix was unwarranted. This error was not discovered until the case was being prepared for trial, and the statute of limitations had apparently then run against the cause of action upon the judgment. The limitation as to the substitution of a representative of the estate of Charles Semon as party plaintiff is not relieved by the provision of section 402 of the Code of Civil Procedure. Tompkins v. Austin, 10 N. Y. St. Rep. 339.

Upon the trial the summons and complaint were amended by striking therefrom the name of Hannah E. Semon as administratrix, and inserting, in place of the allegation of her appointment as such, the allegation that said Charles Semon died intestate, and that the plaintiffs James L. Semon and Emma L. Crane are the only next of kin and the only persons interested in the said judgment, and that no administrator of the estate of Charles Semon has ever been appointed. A recovery, if had at all, must be had in this action by the surviving judgment creditors as sole parties plaintiff.

From the evidence it appears that the deceased, Charles Semon, was an incompetent person of weak mind, who had never transacted any business, had never married, and that the two surviving plaintiffs, who are his brother and sister, are his only heirs at law and next of kin. From the facts it may reasonably be inferred that there were no creditors of his estate. If so, the statute of limitations must long since have run against their claims. It further appears that since the death of Charles Semon the defendant has promised the plaintiff James L. Semon to pay the judgment. The case is thus brought, in most material respects, within the decision of Segelken v. Meyer, 94 N. Y. 473.

Also, while the answer is in effect a general denial and puts in issue the allegation of the complaint as to the appointment of Hannah E. Semon as administratrix, yet it does not raise the objection that by reason thereof there is a defect of parties plaintiff. Failing to take

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such an objection by demurrer or answer is a waiver thereof. Code Civ. Proc. § 499; Merritt v. Walsh, 32 N. Y. 685; Jones v. De Coursey, 12 App. Div. 164, 42 N. Y. Supp. 578.

Furthermore, it is held that the surviving judgment creditors are the only proper parties plaintiff, and that the representative of the deceased judgment creditor should not be joined. Buckman et al. v. Brett, 35 Barb. 596; Freeman v. Scofield, 16 N. J. Eq. 28.

Judgment should be entered in favor of the surviving judgment creditors against the defendant for the sum demanded in the complaint.