*Macon & Cox,* for appellants.

---

## ISRAEL *v.* ARTHUR.

*(Supreme Court of Colorado, December Term, 1883—Error to the County Court of Larimer County.)*

DIVORCE—DEATH OF PARTY DOES NOT PREVENT REVIEW OF DECREE GRANTING. The decease of one of the parties, after a decree of divorce is granted, and before proceedings in error thereon are instituted, does not operate to prevent a review and reversal of the decree—when property rights are involved.

HELM, J. John Arthur, now deceased, in his lifetime brought suit and obtained a decree of divorce against his wife, who is the plaintiff in error herein. This writ is prosecuted for the purpose of reversing that decree.

The record of proceedings in that cause shows on its face that the Court acted without obtaining jurisdiction of the person of defendant. In the case of *Israel* v. *Arthur et al., ante,* page 348, we have fully considered this record and declared the proceedings of the County Court therein void and of no effect. The judgment and decree must be reversed.

This Court has held that the decease of the husband after a decree of divorce is granted, and before proceedings in error thereon are instituted, does not operate to prevent a review and reversal of the decree.

That "where property rights are involved, as in this case, the same reason exists for determining its validity as in civil cases generally." *Israel* v. *Arthur,* 2 Colo. L. R., 319.

*Reversed and remanded.*

*Haynes, Dunning & Haynes,* for plaintiff in error.

*Wells, Smith & Macon, Rhodes & Love, Ballard, Barnum & McCord,* for defendant in error.