# Mayor and City Council of Anniston *v.* Hurt, Admr. &c.

*Petition for Mandamus to require Municipality to pay Judgment.*

1. *Municipal corporation; interest on bonds not item of expense for governmental expenses.*—Where the charter of a municipality, after requiring the city council at the commencement

[Mayor and City Council of Anniston v. Hurt, Admr. etc.]

of each fiscal year to make a budget of the probable receipts and expenditures for governmental purposes for the ensuing year, gives authority to make expenditures for governmental purposes, but there is neither in the charter nor any other statute, legislative authority to make the interest on the bonds and accounts of such municipality an item of expenditure for the administration of governmental purposes, such item of interest on bonds and accounts is unauthorized in the budget required to be made, and constitutes an excess over necessary current expenditures; and the city council of such municipality has no right to estimate this interest as governmental expenses and to appropriate the amount of the payment of interest on the municipal bonds and accounts, so as to defeat creditors of the municipality in their efforts to have their claim against such city satisfied.

2. *Same; general creditor entitled to mandamus.*—A judgment creditor of a municipal corporation can, by *mandamus*, subject any surplus revenue of a municipality to the payment of his judgment in the same way.

3. *Judgment in action of tort; constitutes a debt and survives death of plaintiff.*—Where, in an action of tort to recover damages for personal injuries, a judgment has been recovered, such judgment becomes a debt from the defendant therein to the plaintiff, and as such, survives the death of the plaintiff and can be enforced by the personal representative of the plaintiff therein.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

The proceedings in this case were had upon a petition filed by the appellee, J. W. Hurt, as admnistrator of the estate of Sarah J. Hurt, deceased, addressed to the judge of the Seventh Judicial Circuit, holding court for the county of Calhoun. The averments of the petition are sufficiently shown in the opinion.

The prayer of the petition was that a writ of *mandamus* be issued, directed to the mayor and city council of Anniston, commanding them forthwith to set aside a sufficient amount of the surplus revenue of the city of Anniston to pay and satisfy the judgment recovered against said city by the petitioner's intestate, together with interest and costs, and order the same to be paid as of the time of the collection of said revenue, and that the

mayor and city council of Anniston be prohibited from paying out any of the revenue of said city, for interest on bonds and accounts, until the judgment recovered by the petitioner's intestate, with interest and costs, were fully paid.

The respondents moved to quash the petition, and also demurred thereto upon several grounds, which may be summarized as follows: 1. For that the petition shows on its face that the petitioner has no legal right to enforce the payment of or collect judgment described in the petition. 2. For that said petition describes a judgment for personal injuries to the person of Sarah J. Hurt, recovered by her in her life time, and there is no averment that said injuries resulted in her death or caused the same. 3. For that under the allegations of the petition it appears that the judgment was recovered on a cause of action which does not survive, but abates on the death of the plaintiff. 4. It does not appear that petitioner has any interest in, or legal right to the judgment described in the petition, or right as administrator to collect the same. 5. The petition does not show a clear legal right to have any duty performed by the respondents, to or for the petitioner, or that any legal demand has been made, or that petitioner has no other adequate remedy for the enforcement of his supposed rights. 6. The petition shows on its face that the judgment described, abated before this petition was filed, and there was no judgment which could be enforced at the time said petition was filed, and, therefore, nothing on which to base this proceeding. 7. The averments of the petition show that the basis of this proceeding is a judgment which abated on the 4th day of October, 1902. 8. The petition shows that this is a proceeding to enforce a right or supposed right, which does not exist. 9. The petition affirmatively shows that the petitioner has no clear legal right to demand the performance of any duty by these respondents. The motion to quash and the demurrer were each separately overruled.

After the respondents had filed their answer, the cause was submitted upon an agreed statement of facts, which was as follows:

[Mayor and City Council of Anniston v. Hurt, Admr. etc.]

"It is agreed in this cause that if the item of $7,600 in the budget of said city for the fiscal year ending June 30, 1903, appropriated to pay interest on bonds and accounts, is held not to be a necessary current expense of the city of Anniston for said fiscal year, then there will be a surplus of said revenues for said fiscal year sufficient to pay and satisfy the judgment, interest and costs described in this cause, when said revenues are collected. It is also agreed that if said appropriation to pay said interest had not been made that the $7,600 was needed to pay necessary expenses on streets and other necessary expenses of the corporation."

Upon the hearing of the cause upon the agreed statement of facts, the court rendered judgment granting the relief to the petitioner, and ordered that a writ of *mandamus* issue as prayed for in the petition.

From this decree the respondents appeal, and assign the rendition thereof as error.

E. H. HANNA, for appellants.—A judgment is merely a chose in action, and there being no statute in Alabama, the common law will govern; and the action or chose in action abates on the death of the plaintiff. See Civil Code of New York, 1887, § 164, and American Digest, p. 251, in which that court decides that but for the statute authorizing it, the administrator could not collect a judgment for personal injuries or on a cause of action which did not survive.

Suppose that the administrator should institute an action to revive the judgment, and the defendants were cited to appear and show cause why an execution should not be issued, would it not be a complete answer to show that the judgment as originally obtained was on a cause of action which abated on the death of the plaintiff. The judgment not having been collected or reduced to possession is not an asset of the estate of Sarah J. Hurt, and does not survive to the personal representative.

There is no statute in Alabama which authorizes an administrator to sue out a *mandamus*. *Mandamus* as a civil remedy remains as at common law; the statute provides machinery.—*Leigh v. State,* 69 Ala. 261.

MATTHEWS & WHITESIDE, *contra*.—The main, and almost the sole question, it appears to us, is whether or not the payment of interest on bonds and accounts is a necessary current municipal governmental expense. This is not an open question in Alabama. The whole question is thoroughly discussed and decided in the case of *White v. Mayor and Council of Decatur,* 119 Ala. 476.

There is nothing in the contention that the petitioner's demand abated on the death of his intestate. The only other question raised in the record is the contention that petitioner's demand abated on the death of his intestate.—*Weaver v. Lapsley,* 43 Ala. 224; *Howard v. Huron,* 26 L. R. A. 493.

HARALSON, J.—The petition in this case recites that Sarah J. Hurt in her lifetime, on the 9th of May, 1901, recovered a judgment against the city of Anniston, for the sum of $600.00 as damages for personal injuries received by her by reason of the negligence of the agents of the city, besides for $150.25 costs of suit. No appeal was taken from said judgment, and it stands unreversed and of force. Executions in her favor duly issued on said judgment and were returned unsatisfied.

It is shown, that on the 12th of July, 1902, the said Sarah J. Hurt filed in the circuit court of Calhoun county a petition for a *mandamus* against said city, for the purpose of enforcing the payment of said judgment with interest and costs; that on the 15th of July, 1902, a rule *nisi* was issued by the judge of said court, to the mayor and city council of said city, returnable to the next term thereof; that on the 4th of October, 1902, the said Sarah J. Hurt died intestate, and on the 25th of that month, the petitioner, J. W. Hurt, was duly appointed as her administrator, and at a subsequent term of said court, he moved that said proceeding for *mandamus* be revived in his name as administrator, which order was on the 9th of May, 1903, refused, "on the ground, that the right of action abated with the death of said Sarah J. Hurt."

Before the present petition was filed, and on the 23rd of April, 1903, it appears that the petitioner appeared

before the mayor and city council of said city, duly as-
sembled, and called their attention to said judgment and
requested them to pay the same, but they failed and re-
fused, and continue to refuse to comply with that re-
quest; and it is averred and admitted, that said city has
no property subject to levy and sale under execution,
out of which said judgment can be collected.

The petition alleges, that at the first regular meeting
of the mayor and city council of said city, in July, 1902,
they agreed on a budget of the probable receipts and ex-
penditures for the ensuing year, to run from July 1st,
to June 30th, 1903; that the estimated revenues, specify-
ing the sources of revenue in each instance, were $60,-
920.00, and the estimated expenditures for governmental
purposes, specifying the items of expense in each in-
stance, were $60,910.00. The charter of the city (Acts,
1894-95, § 5, p. 1038), requires this budget of estimated
receipts and expenditures to be in the itemized form fol-
lowed in this instance. Among the items of estimated
expenditures, is found the one designated as, "Interest
on Bonds, etc.,acct. $7,600.00." It is also provided in
said charter, and so alleged in the petition, that the
mayor and city council are prohibited from creating
any liability on the city in excess of the receipts of the
year. It is further averred, that the revenues of said
city for said fiscal year, were not overestimated in said
budget; that the estimated sum of $7,600.00, to pay in-
terest on bonds and accounts as set forth in said budget
was, and is not a necessary current expense of adminis-
tering the municipal government of said city, and the
mayor and city council had no right to appropriate any
part of the expected revenues of said city to the payment
of interest (on bonds and accounts) so as to defeat the
owner of said judgment in his efforts to collect the same;
that there will be a surplus of the revenues of said city
for the fiscal year ending the 30th of June, 1903, after
paying the necessary current expenses of said municipal
government for said year, of more than enough to pay
and satisfy said judgment with interest and costs.

The defendant demurred to and moved to quash the
petition, and the motion and demurrer were overruled.

The defendant answered, substantially admitting the statement of facts set up in the petition.

A preliminary writ of *mandamus* was issued according to the prayer of the petition, to the mayor and councilmen of said city by name, as mayor and councilmen "commanding and requiring them, instanter, to set aside a sufficient amount of the surplus revenue of the city of Anniston for the fiscal year ending June 30th, 1903, to pay and satisfy the judgment rendered by said city court, on the 9th of May, 1901, in favor of Sarah J. Hurt, and against the city of Anniston, for $600.00, together with the interest now due on said judgment, and the costs of said suit, and order the same paid as of the time of the collection of said revenues; and said mayor and city council are hereby prohibited and restrained from paying out any of the revenues of said city for said fiscal year on interest on bonds and accounts until said judgment with interest due thereon, and costs are fully paid." The appeal is to reverse this judgment of the court.

1. The insistance of the petitioner is, that the expenditure of the item for interest on bonds and accounts, is not for a legitimate municipal purpose, and the money appropriated or appointed for that purpose in the budget of expenditures, constitutes, if collected, or will constitute, when collected, funds in the hands of the respondents in excess of the necessary expenses of administering the municipal government, and should be applied to the payment of his judgment. The charter, as we have said, requires of the city council before the 1st day of July in each year, to agree upon a budget of expenses for governmental purposes for the year ending the 30th of the following June, and the expenses to be itemized, such as salaries, streets, fire department, lights, schools, water, police, etc., the object of corporation expenditures,—and the estimated amount run out in figures for each. We have found, neither in the charter, nor in any other statute, any legislative authority to make the interest on municipal "bonds and accounts," an item of expenditure for administration of governmental purposes. The council, therefore, had no right

[Mayor and City Council of Anniston v. Hurt, Admr. etc.]

to estimate this interest as a governmental expense, and by way of anticipation in their budget of expenses, to appropriate the amount to the payment of interest on municipal bonds and accounts, so as to defeat the plaintiff or other creditors in their efforts to subject this excess over necessary current expenditures, to the satisfaction of their demands. The bond and holders of accounts against the city had no lien upon the revenues of the city, nor any claim thereon, superior to the judgment of the plaintiff, or the claims of any other creditor.

If the petitioner's judgment was a valid debt against the municipality, the writ of *mandamus* he seeks is in the nature of an execution, and should be given operation upon any surplus revenue, in the same way that an execution should be given precedence or priority over the claims of simple contract creditors. Without the writ of *mandamus*, the fund could not be reached at all, as it is beyond the reach of an ordinary execution.—*White v. Mayor and Council*, 119 Ala. 476.

2. It is objected, again, that the cause of action on which the judgment in this case was founded, was in tort; that such a cause of action does not survive, but dies with the injured person. This is undoubtedly true, when the injured party dies before judgment recovered in his favor for the injury sustained. But the rule does not apply, when the action has been prosecuted to final judgment in favor of the injured party. It then becomes a debt owing by the party inflicting the injury to the party injured. Upon this subject, Mr. Freeman says: "Every judgment is for most purposes to be regarded as a new debt; the chief, and perhaps the only exception being in cases when the technical operation of the doctrine of merger would produce manifest hardship, and even those cases are by no means universally excepted. This new debt is not, in general, affected by the character of the old one. Though the cause of action may have arisen from a tort, the judgment, therefore, is not any the less a contract or in the nature of a contract. The tort merges in the judgment. Hence, it may be the foundation of an action of debt, or of a set-off, under a statute permitting matters *ex con-*

26

*tractu* to be set-off. Neither is it infected by the usurious nature of the cause of action."—1 Freeman on Judgments, § 217; 1 Cyc. 79, and authorities there cited.

As to whether judgments are contracts,—as to which there is a diversity of view,—we need not now consider. It has been held on high authority, that a judgment in an action for a tort is not a contract within the meaning of that provision of the Federal Constitution, which forbids the states to pass any law impairing the obligation of contracts, and there are potent reasons for this view. 1 Black on Judgments, § 9. But that question is of no importance here. The judgment of plaintiff's intestate, is a debt owing by the city, on which execution may issue for its collection in favor of her administrator, in the manner prescribed by statute, and this debt for the purposes in hand is not affected by the character of the cause of action on which it was founded.

The correctness of the judgment of the lower court is not questioned except in the manner referred to by us, and finding no error therein, it is affirmed.

Affirmed.