4 So.2d 736

**COX v. DODD.**

7 Div. 612.

Supreme Court of Alabama.
Oct. 9, 1941.

Rehearing Denied Nov. 13, 1941.

Roger C. Suttle and O. R. Hood, both of Gadsden, for appellant.

James A. Embry, of Ashville, and Victor H. Smith, of Birmingham, for appellee.

THOMAS, Justice.

The appeal sought a review of the decree of the circuit court in declining the husband's bill for divorce, allowing alimony to the wife payable in monthly installments, and allowing her reasonable solicitor's fee.

The several assignments of error duly challenge such finding and decree of the court in favor of the wife. This decree is of date of July 3, 1939. The appeal was taken and supersedeas given on the date of December 8, 1939; the transcript was filed in this court on May 1, 1940. On May 21, 1940, the death of appellant is suggested and leave asked to revive in the name of appellant's personal representative when made known to the court.

The case was revived on January 14, 1941, in the name of Pennie Dodd Cox, as administratrix of the original appellant.

■ Under well-recognized authorities the provisions of the final decree allowing alimony to the wife, payable in installments, were rendered ineffective after the death of Mr. Dodd. Borton v. Borton, 230 Ala. 630, 162 So. 529, 101 A.L.R. 320. This rule, however, did not affect the gross sum allowed on reference and decree as a reasonable attorney's fee to the wife. Smith v. Rogers, 215 Ala. 581, 112 So. 190.

The further question presented is whether the appeal from a decree denying the appellant's bill for divorce, on statutory grounds, is abated by the death of appellant, since the appeal was perfected in this court before his death by the filing of the transcript.

■ The rule of the general decisions, including our Pearson and Wife v. Darrington, 32 Ala. 227, 253, is: "The suit progressed without an order for the payment of Mrs. Matherson's counsel fees until Matherson died. By his death the suit, so far as it was an application for divorce, necessarily terminated. The marriage being dissolved by death, there was no interest in the divorce feature, which survived for or against any person; and, therefore, the suit as to that feature abated absolutely, and was not susceptible of revivor.—Story's Eq.Pl. §§ 329, 330, 356; Miller['s Adm'r] v. Woodman, 14 Ohio 518. * * *"

See 1 Corpus Juris, § 404, p. 208; 1 C.J. Secundum, Abatement and Revival, § 128, p. 176; 1 C.J. p. 171, Note 79; 1 C.J. S., Abatement and Revival § 128.

Appellant's counsel says: "In the instant case there are property rights involved, such as the widow's right of homestead, exemptions of personal property and the widow's dower; also alimony and solicitor's fees awarded in the final decree. Had the divorce been granted (we contend it should have been) by the court below, the widow would have been entitled to none of these property rights. * * *."

■ The rights of the wife under the statute as to the property of the husband dying intestate (as homestead, exemption of personal property and rights of dower) are such "property rights that are involved" in a suit by a husband for divorce and are unaffected by the death of the husband.

■ It is a further general rule that the death of a party, pending an appeal or writ of error, furnishes no grounds for the abatement of the suit. In such case it is the common practice for the appellate court to affirm or reverse the judgment nunc pro tunc. "The rule applies in most jurisdictions, although not in all, in cases where there has been a judgment for plaintiff on a cause of action which does not survive, as by the judgment the cause of action is merged therein." It is held, however, that the rule is otherwise where a judgment is rendered for defendant on a cause of action which does not survive and a party dies pending the appeal. In such case the cause of action is that on which the suit was originally founded, and does not survive.

■ If appellant dies after his appeal has been allowed the court still retains jurisdiction during the same term for the purpose of permitting the suit to be revived in the name of his administrator and of permitting the administrator to file a bill of exceptions, if the cause is one that survives. Powe v. McLeod, 76 Ala. 418; Mayor, etc., of City of Anniston v. Hurt, 140 Ala. 394, 402, 37 So. 220, 103 Am.St. Rep. 45 and note; Pope v. Welsh's Adm'r, 18 Ala. 631; 1 Corpus Juris, 169, 170, § 289; 1 C.J.S., Abatement and Revival, § 128.

It is declared by Mr. Justice Hiscock, in Re Crandall's Estate, 196 N.Y. 127, 89 N.E. 578, 579, 134 Am.St.Rep. 830, 17 Ann.Cas. 874, that: "We also suppose that

it will be conceded that an action for divorce is pre-eminently an action of a personal nature, which, in the absence of statutory provisions, abates with the death of the party bringing it. While it has been held in some jurisdictions that a party defeated in a divorce action by a judgment, and thereby deprived of property rights, may prosecute an appeal after the death of the other party (Thomas v. Thomas, 57 Md. 504; Nickerson v. Nickerson, 34 Or. 1, 48 P. 423, 54 P. 277), it has never been held that an action like the present one may be prosecuted to judgment after the death of the plaintiff because incidentally it might take away property rights from the other party, but the contrary has been held. Downer v. Howard, 44 Wis. 82; Danforth v. Danforth, 111 Ill. 236."

In Stanhope v. Stanhope, 11 P.D. 103, 86 L.Rep. [1885] 103, L. J. Cotton said if the petitioner dies, has his personal representative any right to revive the suit (for divorce) or to have the decree made absolute? It would be a singular thing if, after marriage has been dissolved by death, there were power to declare it at an end on another ground.

Such was the rule declared in Downer v. Howard, 44 Wis. 82; Nickerson v. Nickerson, 34 Or. 1, 48 P. 423, 54 P. 277; Thomas v. Thomas, 57 Md. 504. Such are the general decisions as to the cause of action for divorce, which cause dies when one of the parties is taken from this life. See 1 C.J. p. 208, § 404; 1 C.J.S., Abatement and Revival, § 128.

The decisions in this jurisdiction cited by appellant to the stated rule (1 C.J. p. 169, § 289; 1 C.J.S., Abatement and Revival, § 128) were not in divorce cases, where the cause of action dies with the party.

The cases cited from this jurisdiction are where the suit involved properties, examples being Powe v. McLeod, 76 Ala. 418 (the bill was by creditors to set aside a fraudulent conveyance); Mayor, etc., of Anniston v. Hurt, 140 Ala. 394, 402, 37 So. 220, 103 Am.St.Rep. 45 (the petition was for mandamus to compel payment of a judgment); and Pope v. Welsh's Adm'r, 18 Ala. 631 (the action was for slander and under the statute was subject to revivor under the statute of force at that time).

■ The appellant cites §§ 5712 and 6147, Code of 1923, Code 1940, T. 7, §§ 150 and 808. These provisions of the statute are "for the revival of 'actions' when the 'cause of actions' survives, and for the abatement thereof when the 'cause of action' does not survive." Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228, 237.

■ We have indicated by the foregoing authorities that the cause of action for divorce did not survive, the relation of husband and wife being terminated on the death of one of the parties. However, in 1 Corpus Juris, p. 171, § 289, it is said: "Where the party seeking a divorce appeals from a judgment, simply denying it, and pending the appeal either party dies, the appeal and the action abate absolutely and cannot be revived, there being no one living who can legally have any interest in the same. But it is otherwise in so far as the property rights of the parties are involved. It has also been held that the right of a party against whom a decree of divorce has been rendered to have the same for error is not defeated by the death of the other party pending the appeal. * * *." 1 C.J.S., Abatement and Revival, § 128.

The note to the above necessary rule is as follows:

"Nickerson v. Nickerson, 34 Or. 1, 48 P. 423, 54 P. 277 (holding that a suit for divorce, the decree in which gave the wife one third of a husband's property, did not abate on the death of the husband pending appeal, but survived to his heirs). See also Israel v. Arthur, 6 Colo. 85; Id., 7 Colo. 12, 1 P. 442; Shafer v. Shafer, 30 Mich. 163 (holding that an appeal may be prosecuted by the wife from a decree of divorce against her, after the death of her husband where the husband left estate which will be affected by the decree); Coffman v. Finney, 65 Ohio St. 61, 61 N.E. 155, 55 L.R.A. 794; Francis v. Francis, 31 Grat. (72 Va.) 283 (holding that where, in a suit for divorce, a decree has been rendered granting alimony to the wife, on the death of defendant pending an appeal from such decree the suit abates, but the decree may be affirmed in order to entitle the wife to alimony up to the date of the death); Downer v. Howard, 44 Wis. 82; * * *.

"Danforth v. Danforth, 111 Ill. 236 (holding that a divorced wife may, after her husband's death, prosecute a writ of error to reverse the decree, and thereby be restored to her rights as widow in the estate of her deceased husband). * * *."

In 17 Am.Jur. p. 378, § 462, the rule of the cases is thus declared: "According to the generally prevailing view, a judgment or decree of divorce does not affect property rights. Proceedings to vacate it will not lie after the death of one of the parties. The only object which could be attained would be sentimental in its nature, for the death of the parties effectually severs the marriage relation and the practical result of the judgment or decree would not be affected. On the other hand, where the judgment or decree affects property rights, the death of one party or both parties does not affect the right of the unsuccessful party or his or her representative to institute vacation proceedings. This is permitted, not for the purpose of continuing the controversy touching the right to a divorce itself, but for the ascertainment of whether the property has been rightly diverted from its appropriate channel of devolution. This rule has been held to apply where the divorce was procured at the instance of the husband and except for it, the wife would be entitled to a Federal pension from the time of his death. * * * *."

Many authorities are cited in support of the foregoing text. 30 A.L.R. 1469; 40 A.L.R. 1118; 57 L.R.A. 583 and 1 L.R.A. N.S. 551 and notes.

It will be noted, however, that there is a difference of opinion among the courts as to what are property rights under the rule that prevails as to such case. This is the first time a decision of the question has been pressed upon our Court. Under the decision in Pearson and Wife v. Darrington, 32 Ala. 227, supra, the question of attorney's fees was held to be a property right. Such is the case as to the temporary allowance payable in monthly installments and that made by the decree of the trial court to the wife.

We now declare that the statutory provisions for homestead, personal exemptions and the right of dower, accruing to a widow, are likewise to be held property rights within the purview of the foregoing authorities and the purpose of this decision.

We hold, therefore, that the appeal taken by complainant and his death after the same was perfected in this court did not abate the suit which was subject to revivor by the personal representative of decedent as affecting attorney's fees, temporary allowance to the wife and the foregoing statutory rights of a widow.

[8, 9] The suit being revived at the instance of the appellant-husband's personal representative, the merits of the controversy will be considered as affecting the foregoing allowances, rights and statutory claims. The record is voluminous. It would serve no good purpose to detail the evidence. Davis v. Davis, Ala.Sup., 2 So. 2d 780;[1] First Nat. Bank of Opp et al. v. Wise et al., Ala.Sup., 3 So.2d 68.[2] It has been examined, however, and we are of the opinion and hold that there was no abandonment of the husband by the wife; that the temporary allowance to the wife and her allowance for attorney's fees for prosecution of her defense of suit were just and reasonable. Counsel concede that the allowance to the wife will not be extended longer than installments that accrued during complainant-appellant's life. Such is the rule that obtains.

It results from the foregoing that the decree of the trial court should be, and it is, corrected as to temporary allowance to the wife (payable in monthly installments) not to apply to installments becoming due after the husband's death. The allowance of reasonable attorney's fees on reference and by the decree is affirmed. The denial of divorce to the husband and the allowance of costs to the wife are affirmed.

The decree of the trial court is corrected and as so corrected is affirmed.

Corrected and affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

### On Rehearing.

THOMAS, Justice.

The provisions of the decree for attorneys' fees are that complainant in the original bill and respondent in the cross bill pay to the solicitors of record for the respondent in the original bill and complainant in cross bill "the additional sum of $50.00 in full of solicitors' fees due the solicitor for said Maggie Dodd, the respondent in the original bill and complainant in the cross bill."

This is the specific ascertainment of additional amounts allowed the wife for her attorneys of record. In this action of the trial court we find no error.

[1] 241 Ala. 385.

[2] 241 Ala. 481.

We have heretofore indicated that the monthly allowance of $10 as alimony to the wife terminated with the death of the husband, it being temporary in its nature, notwithstanding the fact that the trial court in the decree designated it as permanent alimony.

The former judgment of this court indicated that alimony allowances that had not accrued pursuant to the terms of the decree of the trial court terminated with the death of the husband.

Application for rehearing overruled, opinion extended.

Corrected and affirmed.

GARDNER, C. J., and BROWN, and FOSTER, JJ., concur.