JUDGMENT APPROPRIATIONS Claims for payment of a valid judgment entered during the 1977 fiscal year, awarding an amount for personal services rendered in previous fiscal years and attorney's fees, against the State Board of Medicolegal Investigations, can be approved and paid from legally available general revenue money appropriated to the Board for the 1977 fiscal year. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Can claims for payment of a judgment entered during the 1977 fiscal year, awarding an amount for personal services rendered in previous fiscal years and attorney's fees, against the State Board of Medicolegal Investigations, be approved and paid from general revenue money appropriated to the boards for the 1977 fiscal year? The general rule in Oklahoma concerning the use of fiscal year appropriations is stated in Rountree v. Phelps, 200 Okl. 528, 197 P.2d 973 (1948), in the second syllabus as follows: "Fiscal year, as defined by Article X, Section 1, Const., is the accounting unit in state finances and the monies subject to appropriation consist of current revenue and accumulated surpluses and no appropriation of monies of one fiscal year may be devoted to the payment of obligations of any other fiscal year except such as are designated 'non-fiscal obligations.' " In the present instance, the District Court in its judgment on June 29, 1977, held that the State was obligated to pay the plaintiff the amount claimed for personal services together with an attorney's fee and the cost of the action. We find no Oklahoma decisions stating specifically that a judgment rendered against a State agency is an obligation of the fiscal year in which judgment was rendered. Cases from other jurisdictions appear to answer this question in the affirmative. See City of Anniston v. Hurt, 140 Ala. 394,37 So. 220; and Miller v. Hoover, 121 Mo. App. 568,97 S.W. 210. In the Miller case, supra, it was held that a "judgment" is to be regarded as a new "debt", in that it destroys by merger the original cause of action and substitutes a new obligation for the old. Further, in the City of Anniston case, supra, it was likewise held that every "judgment" is to be regarded as a new debt and that this new debt is not, in general, affected by the character of the old one. Based on these decisions, it appears that the original underlying cause of action or obligation upon which a judgment was the predicated becomes merged in the judgment at the time judgment is rendered, and is treated as a new debt or obligation as-of the time of judgment. It would, therefore, follow that a valid judgment rendered during a particular fiscal year would be an obligation incurred in that fiscal year, regardless of when the underlying cause of action may have arisen or accrued. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Claims for payment of a valid judgment entered during the 1977 fiscal year, awarding an amount for personal services rendered in previous fiscal years and attorney's fees, against the State Board of Medicolegal Investigations, can be approved and paid from legally available general revenue money appropriated to the Board for the 1977 fiscal year. (GERALD E. WEIS) ** SEE: OPINION NO. 79-109 (1979) ** ** SEE: OPINION NO. 79-109 (1979) **