This is an appeal from an order denying substitution of a party under Rule 25, ARCP, and dismissal of the action for its failure to survive the death of a party.
The record before us indicates that a divorce action was filed by Forrest Killough, Jr. against his wife, Sarah. The wife answered and filed a cross-complaint for divorce requesting, among other things, alimony and an equitable division of marital property. After answer to the cross-complaint, the matter was heard orally upon extensive testimony. The matter was taken under consideration by the court for final judgment. Before entry of judgment, the wife died. Within six months thereafter, a motion to revive was filed by a daughter *Page 337 
who alleged that she was the legal representative of her mother Sarah Killough. However, the motion alleged only that she had filed a petition for letters of administration of her mother's estate with the agreement and support of her brother, the only other heir of her mother. The husband moved to strike or dismiss stating as grounds: that the action for divorce abated at the death of the wife and did not survive; no judgment had been entered prior to the death; that the husband survived and that the allegation that a petition for letters of administration had been filed by the daughter was irrelevant and gave no legal standing to the daughter to move to revive and substitute as a party.
The record discloses an entry of judgment denying the motion to substitute and revive after hearing arguments and considering briefs of counsel. The record further discloses subsequent entry of a judgment dismissing the action because of the death of the wife. Contained in that judgment were statements inter alia to the effect that the court had heard the testimony in the divorce action and had taken it under advisement for the purpose of rendering final judgment which would among other things, make equitable distribution of marital property. However, the wife died before entry of such judgment; that thereafter the daughter had moved that the action be continued so that division of property could be made upon the testimony previously heard between the father and the heirs of the deceased mother; that after consideration the court was of the opinion that the case should be dismissed because of the death of the mother.
Notice of appeal was given in the name of the deceased wife by the attorney who represented her in her lifetime and who also had filed the motion to revive on behalf of the daughter. A motion to dismiss the appeal was filed by the husband. As grounds for the motion, it was charged (a) that the appeal taken by counsel in the name of the deceased party was improper, (b) there was no standing to take an appeal because no proper substitution had been made under Rule 25, ARCP, and (c) that the husband was in fact the administrator and legal representative of the estate of the deceased wife and thus the only party who could legally be substituted and revive the action even if it survived the death of the wife.
This court required briefs in the motion to dismiss the appeal and after consideration denied the motion without comment. Now that the record is before us, we will reconsider the motion to dismiss and comment thereon.
 Motion to Dismiss
We initially denied the motion primarily because we considered that the denial of the motion to substitute and revive with the subsequent dismissal of the action was a final judgment which should support an appeal subject to the provisions of Rule 54 (b), ARCP. Such has been the holding of federal courts. 7A Wright Miller, Federal Practice andProcedure, § 1962 at 684; 3B Moore's Federal Practice, § 25.03 (2) at 25-111. The record was not then before us.
Having now by this opinion, established the appealability of the denial of a motion to substitute under Rule 25, when such denial results in a final judgment of dismissal of the action, and having a record of proceedings below, we move to consideration of the question of standing.
We speak of standing in the sense of the right to file the motion to substitute under Rule 25 and the subsequent taking of an appeal from the denial and dismissal. Rule 25, as pertinent, is as follows: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successor or representative of the deceased party. . . ." It has been held by a federal court that the term "proper parties" used in the rule means legal representative only.Mallonee v. Fahey, *Page 338 200 F.2d 918, 919 (9th Cir. 1952) (opinion of Circuit Justice Douglas).[1]
The record, including the motion for substitution, reveals that the movant, though a daughter, was not the legal representative of her deceased mother. She not only was not a proper party to move for substitution but neither was she a "proper party" to be substituted. It must follow therefore that if she had no standing or right to move for substitution or to be substituted as a party plaintiff, neither she, nor counsel in her behalf, had standing to prosecute an appeal from denial of that motion.
The factual and legal issue of whether an appellant has standing to appeal to this court may be raised by a motion to dismiss the appeal. The facts are not in dispute. The law in relation to those facts is clear. The motion to dismiss the appeal is due to be granted.
The appellant contends that this court under Appellate Rule 43 may permit her substitution as a party. The contention is not well taken. Rule 43 clearly applies to substitution when death of a party occurs in an appeal then pending.
The trial court obviously denied the motion to substitute and revive and entered a dismissal of the action because it determined that the action did not survive the death of the wife. We do not reach the issue of survival of the action. If the issue were properly before us, we would agree that an action only for divorce, alimony, attorney fees and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party. Authority for the decision of the trial court begins in this state with the case of Pearson v. Darrington, 32 Ala. 227
(1858). The rule of that case was followed by others includingVaughn v. Vaughn, 258 Ala. 336, 62 So.2d 466 (1952), and Cox v.Dodd, 242 Ala. 37, 4 So.2d 736 (1941). The principle enunciated in these cases is that the marriage is dissolved by the death of a party and an action pending for dissolution by divorce is necessarily terminated and absolutely abated. However, if there is a judgment affecting property rights, the death of a party may not affect the right of the unsuccessful party or his or her representative to institute vacation proceedings or proceed to appeal. Cox v. Dodd. It is to be noted that in all of the preceding authorities there had been entry of judgment. Not so in this case.
The appeal is dismissed for failure to be prosecuted by the proper party.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.
[1] However, it appears from other authority that the court may determine if the movant is the "legal representative" of the estate of the deceased. Diehl v. U.S., 438 F.2d 705 (5th Cir. 1971).