ALMON, Justice.
Rebecca Cummings, individually and as administratrix of the estate of Tommy Cummings; sued Steven Cummings for the recovery of a house and the contents thereof. Steven filed a motion for summary judgment, which was granted by the trial court. Rebecca appeals.
Tommy Cummings was married to Barbara Cummings and they had one child, Steven. Tommy and Barbara owned a house and lot in Muscle Shoals as joint tenants with right of survivorship. In 1973, when Steven was a minor, Barbara filed a petition for divorce against Tommy. Barbara subsequently filed a petition for a decree pro confesso, and a final decree was rendered on October 18, 1973. The decree divested Tommy of any interest in the home and “all of the furniture, furnishings and fixtures located at the home” and awarded them to Barbara.
Tommy timely filed a motion to set aside the decree, and a hearing on that motion was set for December 19, 1973. The hearing was continued generally, and Barbara subsequently filed a motion to set a hearing. A hearing was set for April 8, 1974. There is no record that a hearing was held on that date, that any of the issues were ruled on, or that the hearing was reset. *489 Barbara died on April 21,1974. No further action was taken on the motions.
Tommy later married Rebecca, and they, along with Steven, resided in the house in Muscle Shoals. Rebecca and Tommy were divorced but later remarried, and shortly after the remarriage Tommy died. Rebecca was appointed administratrix of Tommy’s estate and she filed this suit shortly thereafter.
The first issue raised by Rebecca is whether the trial court erred in entering summary judgment against her on the issue of whether the divorce decree granted against her husband (Tommy) in favor of his former wife (Barbara) in 1973 affected their rights to the house and its contents in spite of the fact that a post-judgment motion to set aside the decree was pending at the time of Barbara’s death. Simply put, the issue is whether the divorce action between Barbara and Tommy was abated for all purposes by Barbara’s death.
The importance of this issue is clear. If the divorce action was completely abated by Barbara’s death, the ownership of the property was vested in Tommy, and Rebecca is entitled to an ownership interest in the property. If the divorce action was not abated, then Barbara owned the real property at her death and Steven, as her only heir, is entitled to ownership of the property.
This Court has held that “an action for divorce, alimony, attorney fees, and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party.” Jones v. Jones, 517 So.2d 606, 608 (Ala.1987). See also Vaughan v. Vaughan, 258 Ala. 336, 62 So.2d 466 (1952); Pearson v. Darrington, 32 Ala. 227 (1858); Killough v. Killough, 373 So.2d 336 (Ala.Civ.App.1979). It is clear that if a final judgment had not been entered in Tommy and Barbara’s divorce action, the action would have been abated. That, however, is not the case. A final decree was entered by the trial court on October 18, 1973, more than six months prior to Barbara’s death.
Rebecca contends that because a motion to set aside the decree was pending, the action was abated. We disagree. In Cox v. Dodd, 242 Ala. 37, 4 So.2d 736 (1941), this Court wrote:
“ ‘[When a divorce judgment does not affect property rights,] [proceedings to vacate it will not lie after the death of one of the parties. The only object which could be attained would be sentimental in nature, for the death of the parties effectually severs the marriage relation and the practical result of the judgment or decree would not be affected. On the other hand, where the judgment or decree affects property rights, the death of one party or both parties does not affect the right of the unsuccessful party or his or her representative to institute vacation proceedings. This is permitted, not for the purpose of continuing the controversy touching the right to a divorce itself, but for the ascertainment of whether the property has been rightly diverted from its appropriate channel of devolution.’ ”
242 Ala. at 41, 4 So.2d at 739 (quoting 17 AmJur. Divorce and Separation § 462, p. 378).
The decree in this case clearly affected property rights. Because the decree affected property rights, the action did not abate as to the issues involving those rights. Tommy’s post-trial motion was never ruled on. As a matter of law, it was deemed to be denied after 90 days. Rule 59.1, A.R.Civ.P. The time for an appeal began to run at the expiration of the 90 days. Tommy did not file a notice of appeal, and the case terminated.[1] Because the decree entered by the court in the divorce action was final and was never challenged, title to the property was vested in Barbara and then at Barbara’s death passed to Steven under the laws of intestacy. The trial court did not err in granting *490 Steven’s motion for summary judgment as to this issue.
Rebecca next argues that the trial court erred in granting Steven’s motion for summary judgment as to Count I of her complaint concerning the ownership of personal property. Steven contends that because the divorce decree awarded “title to and possession of all of the furniture, furnishings and fixtures” to Barbara, the personal property in the house belongs to him.
This Court has repeatedly held that a motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P., and see, e.g., Richardson v. Kroger Co., 521 So.2d 934 (Ala.1988). Rebecca presented evidence from which a jury could reasonably determine that at least a portion of the personal property in the house was purchased while she and Tommy were married. This presents a fact question as to what personal property was included in the award to Barbara pursuant to the divorce decree. Therefore, summary judgment was not appropriate as to Rebecca’s count seeking recovery of personal property, and the trial court erred in granting Steven’s motion for summary judgment as to this count.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.

. The effective date of the Alabama Rules of Civil Procedure was July 3, 1973. See also Rule 86, A.R.Civ.P.