I concur specially. I agree with the majority that the death of one of the parties after the rendition of a divorce judgment results in the abatement of that cause of action. This precludes the trial court from setting aside the divorce judgment. It likewise precludes the appellate court from nullifying the divorce judgment where the party died before submission of the cause to the appellate court. The case ofCox v. Dodd, 242 Ala. 37, 4 So.2d 736 (1941), cited by the majority, supports such an abatement.
I also agree with the majority that the aspects of the divorce decree affecting property rights of the parties can be altered. See, Stapleton v. Stapleton, 282 Ala. 62,209 So.2d 202 (1968). My special concurrence then is aimed at providing the trial court more direction on remand regarding any adjustment to property rights.
I would direct the trial court to further consider the evidence affecting the property rights which were the subject of the parties' marital agreement as incorporated into the trial court's judgment. I would do so with a view toward certain aspects of the judgment required to be performed by the husband before his demise. In other words, I would seek to balance the equities for property rights more favorable to the wife because the husband's performance under the divorce decree has been stilled by death. The adjustment of these rights must not, however, constitute a significant capital drain on the husband's estate as to reduce the minor child's inheritance of her father's estate to a pittance.
The wife is not the husband's widow and should not stand to receive a widow's entitlement from the husband's estate.