L. CHARLES WRIGHT, Retired Appellate Judge.
Robert Lee Smith and Lela Frances Smith were man and wife in February 1989. Robert filed suit for divorce in Marshall County, Alabama. The case was subsequently transferred to Calhoun County on motion of the wife. On February 21, 1991 an order was entered that the case would be dismissed unless a proper motion was filed within 15 days. Copies of the order were mailed to attorneys of record. On March 8, 1991 attorney for the husband applied to the register for entry of default. Default was entered. On May 29, 1991 a judgment of divorce was entered on default in favor of the husband. Lela Smith, on June 14, 1991, moved to set aside the default, averring that she had not been served with three days’ written notice of the application for default, as provided in Rule 55(b)(2), Alabama Rules of Civil Procedure. Hearing on the motion to set aside was held. Subsequently the court orally indicated that the motion would be granted. An order granting the motion to set aside the judgment was entered September 11, *1033 1991. Alas, Robert Smith had died on September 9, 1991.
A suggestion of death of Robert was filed by Lela Smith, and his son was appointed administrator ad litem of his father’s estate. Lela Smith filed another motion to set aside the default judgment, again charging violation of Rule 55(b)(2), A.R.Civ.P., and fraud in its procurement. She also alleged loss of property rights if the judgment were not set aside.
After a hearing, the court ordered the judgment set aside. Administrator ad li-tem (administrator) appealed. The issue presented on appeal is: Did the trial court err in setting aside the judgment in its entirety rather than modifying it in such a manner as to preserve any property rights of wife?
Administrator concedes that the wife apparently was not served with the written three-day notice required by Rule 55 before entry of the default judgment. He also concedes that the motion for setting aside that judgment was properly filed and would have been properly granted if such an order had been entered prior to the death of the husband. We agree with these concessions. This court has held that failure to provide written notice before entry of a default judgment as required by Rule 55 is ground for setting aside the judgment. Evans v. Evans, 441 So.2d 948 (Ala.Civ.App.1983). Federal courts have held that failure of notice of default judgment is a serious procedural mar and may afford ground for relief on appeal or relief under rule 60(b). Planet Corp. v. Sullivan, 702 F.2d 123 (7th Cir.1983); Winfield Assoc. v. Stonecipher, 429 F.2d 1087 (10th Cir.1970).
Administrator contends, however, that the fly in the ointment in this case is the failure of the court to act prior to the death of the husband. He submits that it is the rule in this state, first iterated in the case of Cox v. Dodd, 242 Ala. 37, 4 So.2d 736 (1941), that, generally, the death of one of the parties to a divorce decree results in abatement of the cause of action. This court subscribed to that general rule in the case of Hill v. Lyons, 550 So.2d 1004 (Ala.Civ.App.1989). However, a closer examination of the opinion in Cox indicates a considerable broadening of the general rule. The issue in Cox was whether an appeal, taken to and perfected in the supreme court, from a judgment denying a divorce, was abated by the death of the appellant or was subject to revivor by his administrator. There is a discussion in that case of decisions in other jurisdictions and statements in treatises such as C.J.S. and AmJur.
The court quoted from 17 Am.Jur., p. 378 § 462, in part as follows [1]:
“ ‘On the other hand, where the judgment or decree affects property rights, the death of one party or both parties does not affect the right of the unsuccessful party or his or her representative to institute vacation proceedings. This is permitted, not for the purpose of continuing the controversy touching the right to a divorce itself, but for the ascertainment of whether the property has been rightly diverted from its appropriate channel of devolution. This rule has been held to apply where the divorce was procured at the instance of the husband and except for it, the wife would be entitled to a Federal pension from the time of his death....’”
Following the above quotation, we consider that the court adopted it as the rule in this state when it stated that:
“We now declare that the statutory provisions for homestead, personal exemptions and the right of dower, accruing to a widow, are likewise to be held property rights within the purview of the foregoing authorities and the purpose of this decision.
“We hold, therefore, that the appeal taken by complainant and his death after the same was perfected in this court did not abate the suit which was subject to *1034 revivor by the personal representative of decedent as affecting attorney’s fees, temporary allowance to the wife and the foregoing statutory rights of a widow.”
Cox (emphasis added).
It is to be noted that in the case of Stapleton v. Stapleton, 282 Ala. 62, 209 So.2d 202 (1968), the court referred to Cox v. Dodd and a case cited therein which held that the death of the husband after a decree of divorce is granted, and before proceedings in error are instituted, does not operate to prevent a review and reversal of the decree where property rights are involved. The court then proceeded to find from the record that the husband was not entitled to a divorce. It reversed the decree of divorce. There was no question in Stapleton that, even though the appellee had died after the appeal, the court could proceed to set aside the divorce decree without revivor because property rights were involved.
There is certainly basis for analogy of these cases to the facts of this case. The motion to set aside the default judgment (defaults are not viewed with favor by our courts, Evans v. Evans) had been heard by the trial court and was ripe for granting because of Rule 55 and the involvement of the property rights of the wife when the husband died. Cox, Stapleton, and the case of Lucas v. Lucas, 252 Ala. 626, 42 So.2d 457 (1949), support the proposition that a divorce decree may be set aside if property rights are involved even though a party has subsequently died. In this case, as in Cox and Stapleton, the propriety of the judgment was under review by motion to set aside, alleging involvement of property rights. The case was not abated by the death of the husband. To contend that property rights arising from a marriage could be determined and settled after a divorce has terminated such rights is not logical. In order to claim a widow’s property rights, the divorce decree must be set aside. In this case equity requires it. If it were not so, the wife would have no right to federal pension or interest in the husband’s estate.
The issue of whether the decree was obtained by fraud has not been presented on appeal. It is settled that decrees may be set aside for fraud. Rule 60(b)(3), A.R.Civ.P.; Fox v. Fox, 235 Ala. 338, 179 So. 237 (1938). The judgment setting aside the decree of divorce in this case was not founded upon fraud, but upon failure of notice required by Rule 55 and to preserve property rights of a widow. We consider it proper to have done so. We affirm that judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

. Our check of authorities discloses that this quotation is not found in this cite. We do find similar statements in 17 Am.Jur. Divorce and Separation § 521 (1957). In any event, our supreme court adopted the rule immediately thereafter as we hereafter quote. See also An-not., 22 A.L.R.2d 1323 (1952).