22 So.3d 467 (2009)
Ex parte Esther M. Kaufman
(In re Esther M. KAUFMAN v. Charles T. KAUFMAN).
1070283.
Supreme Court of Alabama.
May 1, 2009.
Joan-Marie Kettell Dean, Huntsville, for petitioner.
J.R. Herring, Dothan, for respondent.
Prior report: Ala.Civ.App., ___ So.3d ___.
PER CURIAM.
WRIT QUASHED.
LYONS, WOODALL, PARKER, MURDOCK, and SHAW, JJ., concur.
COBB, C.J., and STUART, SMITH, and BOLIN, JJ., dissent.
BOLIN, Justice (dissenting).
I believe the Court of Civil Appeals erred in affirming the trial court's judgment entered after that court had remanded the case for the trial court to fashion an equitable property division and alimony award. Accordingly, I must dissent from quashing the writ of certiorari.

Facts and Procedural History
The wife, Esther M. Kaufman, sued her husband, Charles T. Kaufman,[1] for a divorce. The parties had been married for more than 33 years; no children were born of the marriage. Both parties had children from previous marriages. At the time of the ore tenus hearing in the divorce proceedings in 2004, the husband was 87 years old and the wife was 66 years old. After the trial court entered its final judgment of divorce, the wife appealed. Kaufman v. Kaufman, 934 So.2d 1073 (Ala.Civ.App.2005) ("Kaufman I"). The Court of Civil Appeals held:
"In this case, the parties were married for 33 years. They are both at or nearing retirement age and are receiving retirement income. The trial court's comments made during the course of the hearing indicate that it considered primarily the husband's financial contributions to the marriage and placed little value on the wife's contributions, both monetary or otherwise, to the marriage. The trial court appears to have improperly *468 determined that the assets listed in Exhibit 1 were not all marital assets.[2] In addition, we note that the trial court improperly considered the parties' settlement negotiations in reaching its division of the parties' marital property and in its alimony award. The trial court's property award disproportionately favors the husband, and, given the foregoing and the length of the parties' marriage, we must conclude that the trial court abused its discretion in reaching its property division and alimony award.[3] We reverse and remand for the trial court to enter a judgment fashioning an equitable property division and alimony award.
"As noted earlier in this opinion, the June 3, 2004, divorce judgment contains a provision offering the husband an election between purchasing from the wife her interest in the marital residence and its contents or selling the residence and its contents, as well as a provision requiring that the furnishings be sold and the proceeds divided between the parties. A November 17, 2004, entry on the case action summary indicates that the trial court, among other things, purported to delete the provision requiring the sale of the furnishings. However, because more than 30 days had passed since the entry of the divorce judgment and also because the trial court had already denied the wife's postjudgment motion, the trial court lacked jurisdiction to enter that part of its November 17, 2004, order. Therefore, that order was a nullity and had no effect. See McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App.1995) (property-division portion of a divorce judgment is not modifiable after 30 days of the entry of the divorce judgment); and Reaves v. Reaves, 883 So.2d 693, 695 (Ala.Civ.App. 2003) (trial court's purported amendment of a divorce judgment after it had already denied a postjudgment motion was a nullity)."
934 So.2d at 1080-81. The wife also challenged the trial court's order finding her in contempt and imposing sanctions for her purported violation of its order prohibiting the parties from removing property from their marital residence during the pendency of this matter. However, the husband did not submit a filing fee when he filed his motion to impose sanctions, and a motion or petition seeking the imposition of sanctions based on a finding of contempt initiates an independent proceeding that requires the payment of a filing fee. Therefore, the husband did not properly invoke the jurisdiction of the trial court, and the contempt order was void for want of subject-matter jurisdiction. 934 So.2d at 1082. The Court of Civil Appeals reversed the trial court's judgment and remanded the case "for the trial court to enter a judgment fashioning an equitable property division and alimony award." 934 So.2d at 1081.
On remand, the trial judge who had entered the original divorce judgment recused himself, and another trial judge was appointed. It appears that after the trial court had entered its original divorce judgment as well as after the Court of Civil Appeals had released its opinion in Kaufman I, the husband and/or his daughter disposed of certain assets or transferred amounts from the husband's accounts to certain members of the husband's family.
*469 The trial court conducted a hearing on August 21, 2006. At that hearing, the parties discussed the date that should be used in valuing the parties' marital assets. A lunch recess was taken, and, when the hearing resumed, the record does not reflect that the valuation-date issue had been resolved. However, after the hearing resumed, the evidence of the value of the parties' marital assets was not confined to the value at the time of the original divorce, which position the wife was advancing. On October 26, 2006, the trial court entered a judgment that divided the parties' property and awarded the wife periodic alimony and alimony in gross. Apparently, in this second order the wife was awarded less than she was in the original divorce judgment. The wife filed a postjudgment motion, which the trial court denied. The wife timely appealed, arguing that the trial court failed to comply with the Court of Civil Appeals' mandate in Kaufman I when it received additional ore tenus evidence relating to the then current value of the parties' marital assets at the August 21, 2006, hearing and when it considered that evidence in fashioning its October 26, 2006, judgment.
The Court of Civil Appeals agreed with the wife, noting:
"[P]recedent has established that once an appellate court has determined an issue and remanded the cause to the trial court for the entry of a judgment in compliance with its decision, the trial court, unless otherwise directed by the appellate court, must enter such a judgment based on the evidence as originally presented to it.
"'It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment. See Walker v. Humana Medical Corp., 423 So.2d 891, 892 (Ala.Civ.App.1982). In Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983), we held:
"`"`It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered.... The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence ....' 5 Am. Jur.2d, Appeal & Error § 991 (1962)."'
"Auerbach v. Parker, 558 So.2d 900, 902 (Ala.1989)."
Kaufman v. Kaufman, [Ms. 2060245, Nov. 2, 2007] ___ So.3d ___, ___ (Ala.Civ.App. 2007) ("Kaufman II") (emphasis added). The Court of Civil Appeals went on to hold, however, that any error by the trial court on remand in taking and considering additional evidence relating to the value of the parties' marital assets as those assets existed at the time of the August 21, 2006, hearing was invited error by the wife and could not be grounds for a reversal of the trial court's judgment when the wife presented much of the additional evidence considered by the trial court. The Court of Civil Appeals also held that the wife failed to present a sufficient record on appeal to indicate that the trial court erred on remand in its property division and alimony award where the only materials before the Court of Civil Appeals were the transcripts from the original ore tenus hearing held in 2004 and the August 21, 2006, hearing on remand and the exhibits from the original divorce hearing.[4] The *470 Court of Civil Appeals noted that the trial court had before it documentary exhibits from the August 21, 2006, hearing and that those exhibits were apparently missing and had not been submitted to the appellate court as part of the record. The Court of Civil Appeals held that it would presume that the missing exhibits would support the trial court's judgment because the wife had the duty to ensure that the record contained sufficient evidence to warrant a reversal of the trial court's judgment. The wife timely sought certiorari review.

Discussion
The wife argues that the Court of Civil Appeals erred in holding that she invited error in acquiescing to the opposing party's position that she should receive only a portion of the assets of the marital estate valued at the time of the August 21, 2006, hearing. It appears that the wife is arguing that the transcript of the August 21, 2006, hearing does not reflect that she agreed that the issue to be resolved on remand was the disposition of the marital assets valued as of August 21, 2006. If, as it appears in the transcript, the parties had an off-the-record discussion and assuming the discussion concerned the wife's objection to the using August 21, 2006, as the valuation date, then the wife could have properly presented the unreported objection, assuming that it was made and was simply omitted from the transcript. Rule 10(f), Ala. R.App. P., provides for the supplementation or correction of the record on appeal to correctly reflect the proceedings at the trial court level.
"By its plain wording Rule 10(f) extends broad coverage and protection to the parties in having material omissions of `what occurred' added to the record.... [We are] mindful that Rule 10(f) provides broad leeway in making the record `conform to the truth' and mindful that the appellate rules `shall be construed so as to assure the just ... determination of every proceeding on its merits.'"
Weaver v. State, 401 So.2d 344, 348 (Ala. Crim.App.1981).[5] The wife made no attempt to correct any omission from the record; therefore, I believe that the wife waived any alleged error based upon the omission from the transcript of her objection to the valuation date. I disagree with Court of Civil Appeals' determination that the wife invited error.
The wife next argues that the Court of Civil Appeals erred in determining that she failed to present a sufficient record on appeal when the exhibits admitted at trial and marked to be included in the record on appeal were missing. Rule 10, Ala. R.App. P., addresses the composition of the record on appeal. Rule 10(b), Ala. R.App. P., provides that the appellant shall designate which parts of the clerk's records the appellant wants to present on appeal or may designate all such records. Rule 10(b) goes on to provide that "[d]esignated documents incapable of being legibly or otherwise photocopied, including those of unusual weight or bulk, and physical exhibits shall be made a part of the clerk's record by reference but placed in a suitable separate container for transmittal to the appellate court."
Rule 11, Ala. R.App. P., addresses the mechanics of completion and transmission of the record on appeal. Rule 11(a) requires that the record shall contain an *471 "index of papers, documents, written charges, exhibits, etc., included in the clerk's record, an index of those documents and exhibits to be filed in the appellate court in a separate container, and also an index of any documents and exhibits omitted from the clerk's record with a full description of each item."[6] Rule 11(e) addresses the custody of any exhibits and provides:
"The court reporter shall file all exhibits, including photographs, with the clerk of the trial court within 14 days (2 weeks) of the notice of appeal in both civil and criminal cases, assembled in a flat file. All exhibits incapable of being assembled in a flat file shall be delivered to the clerk's office in a suitable separate container. An index of the exhibits, including those that are delivered to the clerk of the trial court in a separate container, shall be included in the flat file. The index shall also indicate those exhibits that were offered and not admitted, as well as the exhibits that were admitted."
There is a document in the present case entitled "Plaintiff's Exhibit List," which contains a list of 15 exhibits. I note that the transcript indicates that at least 18 exhibits were discussed during the August 21, 2006, hearing. None of those exhibits are photocopied into the record nor is there an index of the "exhibits to be filed in the appellate court in a separate container." The Court of Civil Appeals' opinion describes telephone calls by personnel in the Court of Civil Appeals' clerk's office to the clerk of the trial court and the parties' attorneys regarding the missing exhibits. It appears that the clerk of the trial court indicated that the exhibits were not with the record and that the court reporter had either lost the exhibits or had shipped the exhibits to the trial court clerk and the exhibits were missing from the shipment.
I recognize that it is the appellant's responsibility to see that the record is prepared and filed in a timely manner, and that an appeal may be dismissed if the appellant does not do so. However, the exhibits were not transmitted, and, as Rule 11(e) makes clear, the exhibits were in the custody of the court reporter who, in turn, was to file the exhibits with the trial court clerk within 14 days of the notice of appeal. I cannot fault the wife or the wife's counsel for the nonfeasance of court personnel.
I also recognize that Rule 10(f), Ala. R.App. P., as discussed earlier, provides for the supplementation of the record when there has been an omission. Rule 10(f) provides that if material that has been designated for inclusion in the record is omitted, the appellant or appellee may file with the trial court a motion to supplement the record on appeal. Any party filing such a motion with the trial court shall file a copy of the motion with the clerk of the appellate court and shall serve a copy on the court reporter, if the reporter's transcript is to be supplemented, and on all parties. The trial court has 14 days to rule on the motion, and, if no action is taken, the motion is deemed denied. After that, any dissatisfied party may seek relief with the appellate court.
In the present case, I do not believe that the wife would have been on notice that the exhibits were missing from the case before the case was submitted to the Court of Civil Appeals because the wife had designated that the exhibits be part of the *472 record and the exhibits were in the custody and control of the court reporter. When the Court of Civil Appeals realized that the exhibits had not been sent along with the record, it attempted an informal supplementation of the record. The Court of Civil Appeals' opinion notes conversations between unnamed members of the clerk's office of the Court of Civil Appeals and unnamed office members of counsel for the wife along with a conversation with the clerk of the circuit court.
Rule 10(f), Ala. R.App. P., provides that an "appellate court may, on motion of a party or on its own initiative, order that a supplemental or corrected record be certified and transmitted to the appellate court if necessary to correct an omission ...." Rule 10(f) further provides that "[e]very order of the ... appellate court directing that the record on appeal be supplemented or corrected shall be filed with the clerk of the court entering the order, who shall forthwith serve a copy of the order on each party [and] on the clerk of the other court involved." The role of the appellate court is to review and correct errors of the proceedings below, and it is bound by the record before it. The Court of Civil Appeal's clerk's office was either attempting to ask the parties to supplement the record or was seeking a supplementation on its own accord. However, the informal manner in which the clerk's office handled the matter did not comply with Rule 10(f), as no written notice was given to the parties.
Under the peculiar facts of this case, I would reverse the judgment of the Court of Civil Appeals and remand the case for that court to determine if the exhibits can be reproduced and, if so, to allow the parties to supplement the record with the reproduced exhibits. See Rule 2, Ala. R.App. P., allowing for a suspension of the Rules of Appellate Procedure where manifest injustice would otherwise result. The Court of Civil Appeals could then review the trial court's disposition of the marital assets following the August 21, 2006, hearing. If the exhibits cannot be reproduced, then the wife would be entitled to a new trial. See, e.g., Ex parte Steen, 431 So.2d 1385 (Ala.1983) (holding that new trial was warranted where defendants had been attempting without success to obtain transcripts of their trials and in which the court reporter who had recorded the proceedings had died and preparation of succinct statements in lieu of the transcripts would not afford the defendants a viable remedy in light of the allegations of error involving most of the testimony).
I believe that the Court of Civil Appeals correctly held that the trial court, in its original award, erred in dividing the marital property and in awarding alimony. The parties were married for 33 years, and the wife was awarded approximately 23% of the parties' marital estate. It now appears that the trial court's award following the Court of Civil Appeals' remand in Kaufman I awarded the wife less than the original award. Nevertheless, the wife is essentially being denied a full review of the award on remand (because there are no exhibits to support the wife's claims) through no fault of the wife's. Therefore, I dissent.
COBB, C.J., concurs.
NOTES
[1] The husband died while the case was pending on appeal from the order entered on the Court of Civil Appeals' remand. Abatement does not occur when the divorce judgment affects property rights, and matters touching the parties' property rights under the divorce judgment are amenable to alteration or modification upon timely motion or upon appeal. Cox v. Dodd, 242 Ala. 37, 4 So.2d 736 (1941); Hill v. Lyons, 550 So.2d 1004 (Ala.Civ.App. 1989).
[2] Exhibit 1 was submitted by the husband and contained a list of the parties' assets and the husband's valuations of those assets.
[3] The trial court awarded the wife approximately 23% of the parties' marital estate and awarded the wife $500 per month in periodic alimony for five years.
[4] The Court of Civil Appeals, ex mero motu, took judicial notice of the records from the appeal of the original divorce judgment in Kaufman I.
[5] In 1991, Rule 10, Ala. R.App. P., was rewritten; Rule 10(f) now applies only to civil cases, and Rule 10(g) was added to govern the supplementation and correction of the record in criminal cases.
[6] An "omitted" exhibits refers to exhibits that have not been designated for inclusion in the record on appeal.