ROBERTSON, Presiding Judge.
This is an attempted appeal in a termination of parental rights case.
Baby Boy P. was born on October 19, 1989, to C.L.P., sixteen years of age, and M.B.K., the natural father, seventeen years of age. W.L.P. and K.J.P., the mother’s uncle and aunt, were immediately given, custody of Baby Boy P. On November 1, 1989, W.L.P. and K.J.P. filed a petition for termination of parental rights in the juvenile court and, thereafter, filed a petition for adoption of Baby Boy P. in the probate court. The minor parents consented to the termination of their parental rights and also executed consents of adoption whereby W.L.P. and K.J.P. could adopt Baby Boy P.
After an ore tenus proceeding, the juvenile court terminated the parental rights of the natural parents to Baby Boy P. by order dated February 28, 1991. On March 13, 1991, L.P., the maternal grandmother of Baby Boy P., filed notice of appeal of the juvenile proceeding to this court. The record reflects that L.P. was never a party to the juvenile court proceeding. While L.P. filed a request to be given notice and a motion for visitation in the adoption proceeding in probate court (the adoption petition is still pending), she never sought to be made a party to the termination of parental rights proceeding in juvenile court.
Section 12-15-120, Code 1975, provides that an aggrieved “party” may appeal from a final order or judgment of the juvenile court, and Rule 28, Alabama Rules of Juvenile Procedure, sets out the procedure for taking such an appeal. A person not a party to the proceeding below has no standing to bring an appeal to this court, and the appeal is due to be dismissed for failure to be prosecuted by a proper party. Killough v. Killough, 373 So.2d 336 (Ala.Civ.App.1979).
APPEAL DISMISSED.
THIGPEN and RUSSELL, JJ„ concur.