THOMPSON, Judge.
On February 21,1996, Terry Douglas filed a complaint in the Tuscaloosa Circuit Court, naming as defendants Group V Investments, Inc. (“Group V”); Frank Gray; Ronnie Rice; and James E. Walsh, to collect on two promissory notes dated May 31, 1991, and June 4, 1991. Frank Gray was the president of Group V, and Ronnie Rice and James Walsh were two of the four shareholders. The defendants filed a motion to dismiss on March 22, 1996, which was denied by the trial court on April 18,1996.
On May 8, 1996, the defendants filed an answer and a counterclaim. The counterclaim alleged breach of a joint venture agreement between Douglas and Group V to mine coal from a site in Walker County and included counts alleging fraud and misrepresentation.
On August 21,1996, Douglas filed a motion for summary judgment on his claim and Rule 54(b), Ala. R. Civ. P., final-judgment certification, claiming that his claim was unrelated to the defendants’ counterclaims. The defendants filed an amended answer and counterclaim on January 14, 1997, adding only the affirmative defense of failure to mitigate damages. On February 18, 1997, Douglas filed a motion for summary judgment and Rule 54(b) final-judgment certification on the defendants’ counterclaim.
On May 29, 1997, following a hearing, the trial court granted Douglas’s motion for summary judgment on his claim. In that order, the trial court entered a summary judgment against Group V and Ronnie Rice for the principal indebtedness and interest owed on both the promissory note dated May 31, 1991, and the promissory note dated June 4, 1991. In that same order the trial court entered a summary judgment against James E. Walsh for the principal indebtedness and interest owed on the promissory note dated June 4,1991. Both judgments were certified as final, pursuant to Rule 54(b). On June 13, 1997, the defendants moved to alter, amend, or vacate the judgments; the court denied their motion on August 18,1997.
On July 16, 1997, following a hearing, the trial court granted Douglas’s motion for summary judgment as to the counterclaim and certified the summary judgment as final, pursuant to Rule 54(b) Ala. R. Civ. P. On August 15, 1997, the defendants filed a motion to set aside the July 16, 1997, summary judgment. This motion was denied by the trial court on August 18, 1997. On September 17, the defendants filed what purported to be another motion to set aside the summary judgment. In that document, the defendants claimed that Ronald Rice had died on August 14,1997.
Notices of appeal were filed on September 29, 1997, by James E. Walsh and the estate of Ronnie Rice. The Supreme Court of Alabama transferred these appeals to this court, *809 pursuant to § 12-2-7, Ala.Code 1975. This court consolidated the two appeals ex mero motu. Group V did not appeal. The briefs submitted on appeal reflect that Douglas’s claim against Frank Gray was discharged in bankruptcy.
The record shows that Group V was incorporated in Alabama in 1990, for the purpose of raising capital for the operation of an underground coal mine known as the Little Texas Mine in Fayette County, Alabama. In June 1990, Gray, on behalf of Group Y, secured a short-term note from Douglas in the amount of $50,000. The money was to be used by Group V in operating the Little Texas Mine. In May and June 1991, Group V renewed the June 1990, promissory note and executed another promissory note in favor of Douglas. The renewal of the June 1990 note was issued May 31, 1991, in the amount of $50,000. This note was signed by Frank Gray on behalf of Group V and also in his individual capacity; Ronnie Rice also signed this note in his individual capacity. The second promissory note was issued on June 4, 1991, in the amount of $30,000. It was signed by Frank Gray as president of Group V and also in his individual capacity; Ronnie Rice and James Walsh also signed this note in their individual capacities. Both notes provided for payment three months from the date of issue and provided for interest to accrue on the debt at 15% per annum until paid. Both notes reflected that they were secured by certain mining equipment listed on a UCC financing statement dated June 4, 1991. No payments of principal or interest were paid on the promissory notes.
At the outset, we must consider Douglas’s motion, filed in this court on January 5,1998, to dismiss the appeal filed by the estate of Ronnie Rice. In this motion, Douglas claims that there has not been a substitution of parties pursuant to Rule 25, Ala. R. Civ. P., whereby the estate of Ronnie Rice was substituted as a party for Ronnie Rice.
It is undisputed that a motion for substitution under Rule 25(a), Ala. R. Civ. P., was not filed in the trial court prior to the filing of this appeal. Under the terms of Rule 25(a), “[u]nless the motion for substitution is made not later than six months after the death is suggested upon the record ... the action shall in the absence of a showing of excusable neglect be dismissed as to the deceased party.”
The estate of Ronnie Rice argues that this failure to move for a substitution of parties is not fatal to its appeal because the “rules concerning substitution of parties upon death are quite liberal and allow for such substitution at any time.” In support of this argument it cites the Committee Comments to Rule 43, Ala. R.App. P.: “In accordance with the general spirit of the rules, the omission of an order of substitution is not fatal, but can be made at any time under subdivision (c).”
This court has not received a motion for a substitution of parties, and we are not inclined to order substitution of a party ex mero motu. Our supreme court has held that “Rule 43 [of the Rules of Appellate Procedure] applies to substitution when the death of a party occurs during the pendency of an appeal. See Killough v. Killough, 373 So.2d 336 (Ala.Civ.App.1979).” McMillan, Ltd. v. Warrior Drilling & Engineering Co., 512 So.2d 14, 20-21 (Ala.1986). Because Ronnie Rice died before the date upon which the notice of appeal was filed by the estate of Ronnie Rice, Rule 43 does not apply. The record reveals no motion in the trial court for a substitution of parties under Rule 25(a), Ala. R. Civ. P. Therefore, the appeal as to the estate of Ronnie Rice is due to be dismissed.
Walsh, the remaining appellant, claims that the trial judge erred in entering a summary judgment for Douglas for the entire amount of the promissory notes when, he says, there was substantial evidence indicating that the collateral securing the notes was destroyed as a result of Douglas’s negligence. In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining “whether the evidence before [it] made out a genuine issue of material fact” and whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine *810 issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Walsh contends that he is due an offset on the judgment against him in the amount of the value of the collateral. The collateral in question is mining equipment listed on a UCC financing statement dated June 4, 1991. Section 7-9-207(1), Ala.Code 1975, states, “A secured party must use reasonable care in the custody and preservation of collateral in his possession.” However, a secured party has no duty to exercise reasonable care to preserve collateral unless that person takes possession of the collateral. Cramton v. Altus Bank, 596 So.2d 902, 905 (Ala.1992). It is undisputed that Douglas never had physical possession of the collateral. Walsh argues that Douglas had possession of the collateral within the meaning of § 7-9-207. He bases this contention on the following factors. Douglas had possession of a key to the Little Texas Mine where the collateral was located. Douglas allegedly stated that he wanted to use the mining equipment located in the Little Texas Mine at the Baker Creek Reserves project. Douglas allegedly sent his agent, Ronald S. Bryant, to remove the equipment from the Little Texas Mine. Walsh claims that these factors are sufficient to grant Douglas constructive possession of the collateral for purposes of § 7-9-207.
Gray provided the only testimony concerning Group V negotiations with Douglas. Walsh and Rice, the other participants in Group V, testified that Gray told them about his negotiations with Douglas but that they never discussed any proposals directly with Douglas.
Douglas claimed that he never took possession of the collateral. He denied that he agreed to use the equipment from the Little Texas Mine at the Baker Creek Reserves project, and that he agreed to remove it from the Little Texas Mine. He also denied that he sent Bryant to remove the equipment from the Little Texas Mine. Douglas testified that he had rejected Bryant’s proposal for the Baker Creek Reserves project and that Bryant was not his agent. Bryant confirmed that he did not act as Douglas’s agent. Douglas admitted that the key to the Little Texas Mine was in his office, but said he assumed it was there for Bryant’s use. Ivan Leonard said he had worked for Douglas a long time and was familiar with every deal made by Douglas. Leonard testified that he did not know of any agreement in which Douglas agreed to participate in a joint venture with Gray.
Gray’s testimony about what Douglas had agreed to was unsupported, with the exception of a letter he had written to Douglas, and was in conflict with the testimony of Douglas, Bryant, and Leonard. Gray’s unsupported allegations do not constitute substantial evidence. Mere conclusory allegations that a fact exists will not defeat a properly supported summary judgment motion. Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996). Gray’s testimony was insufficient to create a factual issue precluding summary judgment. Without substantial evidence that Douglas took possession of the collateral, there was no genuine issue of material fact concerning Douglas’s duty to protect the collateral. We find no error in the trial court’s refusal to offset the judgment against Walsh by the amount of the value of the collateral.
Walsh next claims that the trial court erred in entering the summary judgment for Douglas in the amount of the promissory notes according to their original terms when, he says, substantial evidence was presented to indicate that the notes had been modified by oral agreement of the parties. He argues that there was nothing in the terms of the promissory notes to prevent repayment with *811 in one year; therefore, he says, the oral modification to the promissory notes did not fall within the Statute of Frauds, § 8-9-2, Ala.Code 1975. He cites this court’s holding in Stephens v. Stephens, 680 So.2d 329 (Ala.Civ.App.1996), as authority for this argument.
The application of the Statute of Frauds in the instant case is distinguishable from the holding by this court in Stephens, supra. Section 8—9—2(7), Ala.Code 1975, was added by the Alabama legislature in Acts 1989, No. 89-430, p. 910, and became effective May 4, 1989. Stephens concerned a promissory note that was executed and modified orally before May 4, 1989. Stephens, relies on subsection (1) of § 8-9-2. Subsection (7) did not exist when the Stephens promissory note was orally modified.
Section 8-9-2, Ala.Code 1975, states, in pertinent part,
“In the following eases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(7) Every agreement or commitment to lend money, delay or forebear repayment thereof, or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000.”
The promissory notes executed by Group V in favor of Douglas were executed after § 8-9-2, Ala Code 1975, was amended on May 4, 1989, to include subsection (7). Therefore, this section applies to the notes. There was no evidence of any writing to alter the terms of these notes. Accordingly, pursuant to § 8-9-2(7), any attempted oral modification of the terms of these promissory notes is void. It was not error for the trial court to enforce the promissory notes in accordance with the terms and conditions stated on the face of the notes. For the forgoing reasons, the trial court’s summary judgment in favor of Douglas is due to be affirmed.
2970057 — AFFIRMED.
2970058 — DISMISSED.
YATES, MONROE, and CRAWLEY, JJ, concur.
ROBERTSON, P.J., concurs in the result.