THOMAS, Judge,
On July 7, 2014, Gazebo East Apartments (“the landlord”) served on Edward Woodruff (“the tenant”) two documents: a 30-day notice of nonrenewal of the parties’ current lease and a 14-day . notice of lease termination for cause. The lease between the landlord and the tenant indicated that the lease term began,on August 21, 2013, and ended on July 31, 2014, The lease also provided that “[t]his. lease contract will automatically renew month-to-month unless either party gives .at least thirty (30) days written notice of termination or intent to move out.”
The tenant did not vacate the. property on July 31, 2014, and, on August 8, 2014, the landlord brought' an unlawful-detainer action in the Montgomery District Court (“the district court”). In the complaint, the landlord alleged that the tenant was a willful holdover- tenant despite having been served two lease-termination notices and that the tenant had not paid rent in August 2014. The tenant's answer stated that the landlord had not served upon him a 30-day notice of nonrenewal and. that, under the terms of the lease, the lease had automatically renewed 'on July 31, 2014, for an additional month. The district court entered a judgment in favor of the landlord on September 18, 2014, and the *1078 tenant filed a timely notice of appeal to the Montgomery Circuit Court (“the circuit court”) on September 25, 2014.
On October 8, 2014, the landlord filed in the circuit court a motion for a summary judgment in which it asserted that it was entitled to a judgment as a matter of law on its unlawful-detainer claim. To support its claim that it was entitled to a judgment as a matter of law, the landlord alleged that it had filed an action alleging unlawful detainer based on the tenant’s willful failure to vacate the leased premises after being served with a 30-day notice of non-renewal, that the tenant did not appear at the trial in the district court, that the lease “plainly shows the lease expired on July 31, 2014,” and that “the appeal is frivolous on its face.” Although the summary-judgment motion indicates that the lease was attached as an exhibit to the motion, the only copy of the lease contained in the record is the copy that was appended to the complaint filed in the district court; the district court’s file was provided to the circuit court.
The tenant filed a response in opposition to the motion for a summary judgment. In that response, the tenant argued that the landlord had failed to make a prima facie showing that no genuine issue of material fact existed. Furthermore, the tenant argued that he should be allowed to conduct discovery regarding the allegation that he had not complied with the lease. The tenant also explained that he had not been able to attend the trial in the district court because he suffered from a terminal illness and was bedridden. The tenant supported his response with his affidavit, the affidavit of his wife, Bessie Woodruff, a letter from the tenant’s physician regarding his health issues, a copy of the answer filed by the tenant in the district court, an affidavit from the tenant’s attorney, and a copy of a power of attorney given by the tenant to his wife. The tenant also filed an amended answer in which he again denied that he had received a 30-day notice to terminate the lease and in which he denied having failed to pay rent in August 2014. The amended answer asserted as affirmative defenses unclean hands and retaliatory acts by the landlord.
The circuit court did not rule on the October 2014 motion for a summary judgment. The tenant served discovery requests, and the landlord sought a protective order, which the circuit court granted. The circuit court set the matter for a trial to be held on November 21, 2014. The record indicates, however, that the November 21, 2014, trial was not held.
On December 1, 2014, the landlord filed a renewed motion for a summary judgment or, in the alternative, a motion for an expedited final hearing. In that motion, the landlord asserted again that it was due a judgment as a matter of law because the lease had expired on July 31, 2014, and because the tenant had failed to pay rent in August 2014.[1] The landlord attached no exhibits to its renewed summary-judgment motion. The circuit court entered two ór- *1079 ders on December 11, 2014: the first order set the case for a trial, and the second order granted the landlord’s motion for a summary judgment, ordered the tenant to vacate the leased premises within seven days, and awarded the landlord statutory damages equivalent • to three months of rent, as permitted by Ala.Code 1975, § 35-9A-441(e). On December 12, 2014, the circuit court set aside the order setting the case for trial.
The tenant filed a postjudgment motion on December 12, 2014, which the circuit court denied on December 22, 2014. The tenant filed his notice of appeal on December 18, 2014; it was held in abeyance until the circuit court denied the postjudgment motion. See Rule 4(a)(5), Ala. R.App. P. The tenant also sought a stay of the judgment, which the circuit court granted.
We review a summary judgment de novo; we apply the same standard as was applied in the circuit court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must- make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’” Lee, 592 So.2d at 1038. “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).
As an initial matter, we note that the landlord failed to present any evidence in support, of either its initial motion for a summary judgment or its renewed summary-judgment motion.’ ’ However, “ ‘all evidence of record, as well as that evidence formally submitted in support of or in opposition to a motion for summary judgment, should be considered in ruling on the motion.’” Barter v. Burton Garland Revocable Trust, 124 So.3d 152, 157 (Ala.Civ.App.2013) (quoting Fountain v. Phillips, 404 So.2d 614, 618 (Ala.1981)). The lease and the July 7, 2014, notice of nonre-newal served on the tenant were contained in the circuit court’s record, and the circuit court was free to consider those documents when ruling on the landlord’s "motion for a summary judgment.
Oh appeal, the tenant argues that the landlord failed to establish that the lease terminated' on July 31, 2014. As noted above, the stated termination date of the lease was July 31, 2014. However, the lease also provided for automatic renewal and the creation of a month-to-month tenancy if neither party gave the other a 30-day notice of termination of the tenancy.
A reading of the lease supports the tenant’s contention that the lease does not “plainly show” that the lease expired on July 31, 2014. We construe a lease like any other contract, and when the terms used in the lease are plain and unambiguous,’ the lease must be given effect as written. See Horne v. TGM Assocs., L.P., 56 So.3d 615, 622 (Ala.2010). The language used in the lease concerning the automatic renewal of the lease is clear: upon its termination date, the lease will “automatically renew month-to-month unless either party gives at least thirty (30) days written notice of termination....” Even considering the notice of nonrenewal that the landlord served on the tenant on July 7, 2014, the evidence of record does *1080 not establish that the lease expired on July 31, 2014. Instead, as the tenant has consistently argued, the notice of nonrenewal was not served upon him 30 days before the expiration of the- lease, and the notice was therefore not effective to prevent the automatic renewal of the lease for an additional month, or through August 31, 2014.[2]
Furthermore, we cannot conclude that the circuit court’s judgment may be upheld based on the tenant’s alleged failure to pay, the .August 2014 rent payment. The record contains no notice from the landlord to. the tenant regarding the August 2014 rent payment; thus, nothing in the record indicates that the landlord properly notified the tenant of the tenant’s alleged failure to pay the August 2014 rent. See Ala.Code 1975, § 35-9A-421(b) (requiring that a landlord serve notice of a failure to pay rent on the tenant “specifying the amount of rent and any late fees owed to remedy the breach and that the rental agreement will terminate upon a date not less than seven days after receipt of the notice”).[3] Because the record does not reflect that the tenant was properly notified of the alleged failure to pay the August 2014 rent-and the impending termination- of the lease on that basis, the landlord failed to demonstrate that it was entitled to a summary judgment based on that alleged breach of the lease. -
Our review of the record convinces us that the evidence presented by the landlord does not support the conclusion that the lease terminated on July -31, 20X4,. or that the. tenant failed to pay the August 2014 rent after proper notice of its alleged delinquency, resulting in a termination of the lease on that basis. Accordingly, we conclude that the circuit court, erred in entering a summary judgment in favor of the landlord on its unlawful-detainer claim.
On May 4, 2015, the landlord filed in -this court a suggestion of the tenant’s death and motion seeking a dismissal of the appeal. However, Rule 43(a), Ala. R.App. P., states that an appeal “shall not abate” upon the suggestion of the death of a party. See Cox v. Dodd, 242 Ala. 37, 39, 4 So.2d 736, 737 (1941) (“It is a further general rule that the death of a party, pending an appeal ...., furnishes no grounds for the abatement of the suit. In such case it is the common practice for the appellate court to affirm or reverse the judgment nunc pro tunc.”). Instead, this court is to dispose of the appeal as it may direct. Rule 43(a).
Because this appeal involves a money judgment against the tenant, we decline to dismiss the appeal and have instead followed “the common practice” of considering the merits of the appeal. Because the landlord’s unlawful-detainer action sur *1081 vives the tenant s death, the judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion. See Ridgeway v. Waugh, 51 Ala. 423, 424 (1874); see also Brewington v. Stephens’ Adm’rs, 31 Mo. 38, 39 (1860) (concluding that an unlawful-detainer action should have survived the death of the defendant and continued against the heirs and the administrator of the decedent’s estate because an unlawful-detainer action “is an action for damages ... and also for the possession of the land” and noting that “[i]f it is a case in which the heirs have no right or interest in the premises, they can disclaim, and this suit can proceed against the administrator alone”). On remand, substitution of the proper party, if appropriate, should be made in compliance with Riile 25, Ala. R. Civ. P.
REVERSED AND REMANDED.
. THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that the landlord did not rely on the 14-day notice of termination for cause in either its initial or its renewed motion for a summary judgment, and, therefore, we will not consider whether the 14-day notice of termination for cause terminated the lease in July 2014. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (explaining that the rule that permits an appellate court to affirm a trial court’s judgment on any ground, even one not argued to the trial court, fails in application where due-process considerations required notice at the trial level, as in a situation involving a summary-judgment movant’s failure to assert before the trial court a particular argument, thus not triggering the responding party's burden to produce substantial evidence on that issue or to argue that issue).

. The parties entered into a month-to-rmonth periodic tenancy upon the expiration of the lease term, and the landlord was required to give notice of termination of that month-to-month periodic tenancy in accordance with the terms of the lease, which, in this case, requires a 30-day notice; a 30-day notice is generally required to terminate a month-to-month tenancy. See Ala.Code 1975, § 35-9A-441(b) .(“The landlord or the tenant may terminate .a month-to-month tenancy by a written notice given to the other at least 30 days before the periodic rental date specified in the notice.”); see also Gulf Coast Realty Co. v. Professional Real Estate Partners, Inc., 926 So.2d 992, 1007 (Ala.2005) (quoting Brown v. Williams, 576 So.2d 195, 197 (Ala.1991), citing in turn 1 Restatement (Second) of Property: Landlord and Tenant § 1.5(f)) (" '[T]he general rule is that, in the absence of an agreement between the parties, a month’s notice prior to the end of the leasehold period, when that period is a month or more, is adequate.”').

. Section 35-9A-421(b) further indicates that, after receiving notice that rent has not been paid, a tenant may remedy his or her failure within seven days of the notice to avoid termination of the lease.