STUART, Chief Justice.
Darlene Slamen ("Darlene"), Charles Martin ("Charles"), Wilhelmina Martin ("Wilhelmina"), and Harris Partnership, LLP ("Harris LLP") (hereinafter collectively referred to as "the defendants"), appeal from an order of the Jefferson Circuit Court requiring them to respond to discovery requests propounded upon them by Herbert A. Slamen ("Herbert"), arguing that all discovery should be stayed while the parties arbitrate their dispute pursuant to an arbitration provision in the partnership agreement that created Harris LLP, and that was executed by Herbert, Darlene, Charles, and Wilhelmina. Insofar as the defendants' appeal challenges the trial court's management of discovery, we treat it as a petition for the writ of mandamus, and we grant the petition and issue the writ.
I.
The facts giving rise to the underlying dispute in this case were previously set forth by this Court in Slamen v. Slamen, 254 So.3d 172, 173-74 (Ala. 2017) ("Slamen I"):
"Herbert and Darlene married in 1981 and later formed Harris LLP, of which Herbert, Darlene, Charles, and Wilhelmina each own a 25% share. In 2008, Herbert was diagnosed with chronic obstructive pulmonary disease, and, in 2010, he moved to Thailand because, Darlene said, he wanted 'to enjoy what remained of his life.' After moving to Thailand, Herbert was dependent upon Darlene to send him the proceeds generated *190 from his assets so that he could pay for living expenses and medical treatment. Payments in an agreed amount were deposited in a checking account in Thailand set up in Herbert's name. In addition to his interest in Harris LLP, Herbert's assets include a house in Alabama, a house in Florida, and an interest in the dental practice from which Herbert had retired. In 2013, Herbert, via his attorney in fact, established the Herbert A. Slamen Revocable Living Trust ('the trust') to facilitate the management of his assets, and he thereafter transferred his assets, including his interest in Harris LLP, to the trust. Herbert was the beneficiary of the trust, and both he and Darlene were the appointed cotrustees.
"On October 27, 2016, Herbert sued the defendants, alleging that he had revoked the trust but that Darlene, purportedly under her authority as cotrustee, had nevertheless transferred the assets of the trust to herself. As a result, Herbert alleged, the defendants had 'failed to distribute proceeds from [Harris LLP] to [Herbert] and instead made all payments directly to Darlene.' Herbert also alleged that Darlene had sold the Alabama and Florida houses and that she had 'benefitted financially' from the operation of the dental practice, but, the allegation continued, Herbert had 'realized no proceeds' from those assets. According to Herbert, Darlene's allegedly unauthorized transfer of his assets to herself and her alleged refusal to send him the proceeds generated from his assets were part of 'an illicit scheme to gather all of [his] assets for herself.' Given those allegations, Herbert asserted claims of breach of a fiduciary duty, negligence, fraud, conversion, conspiracy, intentional infliction of emotional distress, identity theft, and tortious interference with a business relationship. As relief, Herbert sought compensatory and punitive damages and, for the breach-of-a-fiduciary-duty claim, specifically sought 'damages in an amount equal to the proceeds properly due from [his] business interests.' "
When the defendants were served with Herbert's complaint, they were simultaneously served with several discovery requests.
The defendants thereafter moved the trial court to dismiss Herbert's complaint and to stay discovery until their motion to dismiss was ruled on. On March 21, 2017, the trial court denied both the defendants' requests but granted Herbert's request for a preliminary injunction enjoining the defendants from spending any funds belonging to Harris LLP except those funds required to pay ordinary business expenses. The defendants thereafter filed both a petition for the writ of mandamus seeking review of the trial court's denial of their motion to dismiss and an appeal asking this Court to reverse the trial court's entry of a preliminary injunction against them. Although this Court ultimately denied their petition for a writ of mandamus by order (no. 1160558, April 20, 2017), in Slamen I we granted the defendants the appellate relief they sought and directed the trial court to dissolve the preliminary injunction entered against them. 254 So.3d at ----.
On April 26, 2017, the defendants moved the trial court to compel arbitration of this dispute based on the following arbitration provision in the partnership agreement that created Harris LLP:
"The parties agree that any dispute arising from this partnership agreement, or the conduct of [Harris LLP's] business, shall be resolved in the following manner:
*191 "....
"[T]he dispute shall be resolved by binding arbitration before a mutually acceptable arbitrator pursuant to the commercial arbitration rules of the American Arbitration Association using one arbitrator. Such arbitration shall be conducted in Jefferson County, Alabama. Each partner shall initially pay an equal share of the arbitrator's fee. However, in his award, the arbitrator shall have the power to assess all or a part of his fee to any partner as may be just and equitable, such as for having acted unreasonably."
At a hearing that had previously been scheduled for the next day to consider matters related to discovery and the then still operative preliminary injunction, Herbert opposed the motion to compel arbitration, arguing (1) that the defendants had waived their right to enforce the arbitration provision and (2) that some of his claims were outside the scope of the arbitration provision. At the conclusion of the hearing, the trial court ordered Herbert to file a formal response to the defendants' motion to compel arbitration and ordered the defendants to respond to Herbert's outstanding discovery requests within 30 days.[1] Herbert subsequently filed the ordered response, in which he asserted the same arguments made at the April 27 hearing; the defendants, however, did not respond to Herbert's discovery requests, instead moving the trial court on May 16, 2017, to stay all discovery until it ruled on their motion to compel arbitration. On May 25, 2017, the trial court denied the defendants' request for a stay and reiterated its previous order that the defendants' discovery responses were due by May 27, 2017. On May 26, 2017, the defendants filed a notice of appeal to this Court challenging the trial court's refusal to stay discovery until the arbitration issue was resolved.
Subsequently, on May 30, 2017, the defendants also filed a petition for the writ of mandamus with this Court seeking the same relief as the May 26 appeal (no. 1160763). In that petition, the defendants asserted that the trial court had effectively denied their motion to compel arbitration by ordering them to continue with discovery and that they were accordingly entitled to an immediate appeal pursuant to Rule 4(d), Ala. R. App. P.[2] Nevertheless, the defendants explained, they were filing a petition for the writ of mandamus out of an abundance of caution in case this Court *192 concluded that a direct appeal was improper and that mandamus was the proper avenue for them to obtain the desired relief. The defendants simultaneously filed an "emergency motion for a stay of trial proceedings pending appeal or mandamus review," which this Court granted that same day. On June 19, 2017, this Court denied the defendants' petition for the writ of mandamus without an opinion.
II.
In determining the proper standard of review to apply in this case, we must first determine whether the underlying issue-whether a trial court may order discovery not related to the issue of arbitration before ruling on a pending motion to compel arbitration-is an issue this Court should review by way of an appeal or a petition for a writ of mandamus. At the time the defendants first sought review of the May 25 order of the trial court, there was some uncertainty regarding the proper avenue by which to get this issue before an appellate court; the defendants accordingly filed both an appeal and a petition for the writ of mandamus to make sure their arguments were ultimately heard. Since that time (and after this Court denied the defendants' petition for a writ of mandamus), however, this Court released its opinion in Ex parte Locklear Chrysler Jeep Dodge, LLC, 251 So.3d 40 (Ala. 2017), in which we were also asked to review a trial court's order compelling a defendant to respond to discovery requests while the defendant's motion to compel arbitration was pending. We emphasized in that opinion that "this Court is not reviewing a trial court's order denying a motion to compel arbitration; the trial court has not yet ruled on [the defendant's] motion to compel. It is the trial court's general discovery orders that are being challenged." 251 So.3d at 46 (emphasis added). Inasmuch as the defendant in Ex parte Locklear had filed a petition for the writ of mandamus, and because it is well settled that such a petition is the proper avenue to seek review of a trial court's handling of discovery matters, see, e.g., Ex parte Dangerfield, 49 So.3d 675, 684 (Ala. 2010), this Court applied the standard of review for mandamus relief to the defendant's arguments. Ex parte Locklear, 251 So.3d at 44. We do the same here and treat the instant appeal as a petition for a writ of mandamus.[3] Accordingly, the following standard of review applies:
"Mandamus is an extraordinary remedy and will be granted only where there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has " 'full and adequate relief' " by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881) ).
"Discovery matters are within the trial court's sound discretion, and this Court will not reverse a trial court's *193 ruling on a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala. 1991). Accordingly, mandamus will issue to reverse a trial court's ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions."
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003).
III.
The defendants essentially argue that the trial court exceeded its discretion by requiring them to respond to Herbert's discovery requests while their motion to compel arbitration was pending. In Ex parte Locklear, we resolved a similar argument as follows:
"[The defendant] argues that, although discovery may be allowed while a motion to compel arbitration is pending, that discovery is limited to whether the parties to the arbitration agreement must arbitrate their claims. [The defendant] argues that the trial court exceeded its discretion in allowing general discovery regarding the merits of the purchasers' claims. [The defendant] argues that permitting general discovery to proceed in a case that may be subject to arbitration could frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes.
"....
"We note that, in the instant case, this Court is not reviewing a trial court's order denying a motion to compel arbitration; the trial court has not yet ruled on [the defendant's] motion to compel. It is the trial court's general discovery orders that are being challenged. Here, as in [Ex parte] Kenworth [of Birmingham, Inc., 789 So.2d 227 (Ala. 2000) ], the trial court exceeded its discretion by allowing general discovery before the resolution of the issue whether the purchasers must arbitrate their claims. In Ex parte Jim Burke Automotive, Inc., 776 So.2d 118 (Ala. 2000), this Court explained that, although it was not error for the trial court to allow the parties to conduct discovery prior to arbitration, it was error not to limit the discovery to the question whether the plaintiff agreed to arbitrate his claims and that such limited discovery did not constitute a waiver of the right to arbitrate. Here, the purchasers have not requested discovery on an issue related to the arbitration agreement; instead, they sought general discovery regarding the merits of their claims. In granting the purchasers' requests for general discovery before the resolution of [the defendant's] arbitration motions, the trial court exceeded its discretion. Furthermore, because it would be unfair to require [the defendant to] conduct merit-based discovery prior to deciding the arbitration issue, and because [the defendant] could not be afforded the relief it seeks after that discovery has been conducted, [the defendant] does not have an adequate remedy by ordinary appeal. Accordingly, we grant the petitions and issue the writs, directing the trial court to vacate its orders requiring [the defendant] to respond to the purchasers' discovery requests, including the requests for admissions and to sit for depositions."
251 So.3d at 45-46.
Thus, Ex parte Locklear establishes that a trial court exceeds its discretion when it orders a party to participate in merit-based discovery when that party *194 is awaiting a ruling on its motion to compel arbitration. Herbert nevertheless argues that the trial court has committed no error because the defendants' motion to compel arbitration is, he alleges, ultimately due to be denied either on waiver grounds or because the identified arbitration provision does not encompass some of the claims he has asserted.[4] However, the merit of these arguments is ultimately immaterial at the present time inasmuch as "this Court is not reviewing a trial court's order denying a motion to compel arbitration." Ex parte Locklear, 251 So.3d at 46. We are presently concerned only with the trial court's failure to stay discovery while a motion to compel arbitration is pending. Ex parte Locklear makes clear that a motion to compel arbitration must be resolved before merit-based discovery such as Herbert is seeking is conducted, and the defendants are accordingly entitled to the relief they seek.
IV.
The defendants appeal the order of the trial court requiring them to respond to Herbert's discovery requests even though they had previously filed a motion to compel arbitration, which remained pending at the time of the trial court's discovery order. For the reasons explained above, the trial court exceeded its discretion in ordering the defendants to participate in merit-based discovery before the arbitration issue was resolved; accordingly, treating the appeal as a petition for the writ of mandamus, we grant the petition and issue a writ directing the trial court to vacate its order requiring the defendants to respond to Herbert's discovery requests.
PETITION GRANTED; WRIT ISSUED.
Bolin, Parker, Shaw, Main, Wise, Bryan, and Sellers, JJ., concur.
Murdock, J., concurs in the result.

During the course of the hearing, the trial court expressed a desire to resolve this case in an expeditious manner based on Herbert's deteriorating health. On December 8, 2017, a suggestion of death was in fact filed with this Court indicating that Herbert had passed away in Thailand on November 1, 2017. No order of substitution has apparently been entered; however, pursuant to Rule 43(a), Ala. R. App. P., this Court may nevertheless proceed to resolve the issues raised in this appeal. See Woodruff v. Gazebo East Apartments, 181 So.3d 1076, 1080 (Ala. Civ. App. 2015) ("Rule 43(a), Ala. R. App. P., states that an appeal 'shall not abate' upon the suggestion of the death of a party. See Cox v. Dodd, 242 Ala. 37, 39, 4 So.2d 736, 737 (1941) ('It is a further general rule that the death of a party, pending an appeal ..., furnishes no grounds for the abatement of the suit. In such case it is the common practice for the appellate court to affirm or reverse the judgment nunc pro tunc.'). Instead, this court is to dispose of the appeal as it may direct. Rule 43(a).").

In support of this argument, the defendants cited FMR Corp. v. Howard, 227 So.3d 444 (Ala. 2017), in which this Court held that a party was entitled to appellate review of a trial court's order that temporarily declined to compel arbitration, but acknowledged that arbitration might yet be compelled at a later date, because the order effectively and substantively denied the motion to compel arbitration.

In their brief to this Court, the defendants urge us, in the event that we ultimately determine that the underlying issue should be reviewed on mandamus as opposed to on appeal, to either reinstate their previously denied petition for the writ of mandamus or to now treat the instant appeal as a petition for the writ of mandamus. For expedience, we do the latter. See, generally, F.L. Crane & Sons, Inc. v. Malouf Constr. Corp., 953 So.2d 366, 372 (Ala. 2006) (explaining this Court's inherent authority to treat an appeal as a petition for a writ of mandamus when the circumstances warrant).

The defendants argue that Herbert's arguments in this regard are without merit and that, in any event, it would be improper for a court of law to consider them inasmuch as the arbitration provision in this case incorporates the commercial arbitration rules of the American Arbitration Association, which provide that an arbitrator, not a trial court, should resolve issues of arbitrability. See, e.g., Managed Health Care Admin., Inc. v. Blue Cross & Blue Shield of Alabama, 249 So.3d 486, 492-93 (Ala. 2017) (considering a similar arbitration provision incorporating the commercial arbitration rules of the American Arbitration Association and concluding "whether [the appellant] waived its right to arbitration [is an] issue[ ] for the arbitrator, not the circuit court" and "it is for the arbitrator, not the courts, to determine whether the claims asserted by the parties are within the scope of the [relevant arbitration provision]").